176 N.J. Super. 532 (1980)
424 A.2d 423
AETNA CASUALTY & SURETY COMPANY, AS P I P CARRIER FOR WILMA PAVUK, PETITIONER-APPELLANT,
v.
PARA MANUFACTURING COMPANY, RESPONDENT-APPELLEE.
Superior Court of New Jersey, Appellate Division.
Argued September 22, 1980.
Decided November 12, 1980.
*533 Before Judges BISCHOFF, MILMED and FRANCIS.
Kenneth J. Doukas, Jr. argued the cause for the appellant (Hoagland, Longo, Oropollo & Moran, attorneys; Kenneth J. Doukas, Jr. on the brief).
Dennis F. Carey, III argued the cause for respondent (Dwyer, Connell & Lisbona, attorneys; Alfred A. Arnold on the brief).
PER CURIAM.
The question on this appeal is whether a PIP carrier can institute a workers' compensation proceeding as a means of enforcing its statutory right to deduct collectible workers' compensation benefits from PIP benefits. The question was answered in the affirmative in Solimano v. Consolidated Mut. Ins. Co., 146 N.J. Super. 393 (Law Div. 1977). However, in Wagner v. Transamerica Ins. Co., 167 N.J. Super. 25 (App.Div. 1979), certif. den. 81 N.J. 60 (1979), this court expressly declined to rule on the validity of Solimano and several related trial court decisions until squarely faced with the issue. The issue is now before us.
The facts can be briefly stated. On August 19, 1976 Wilma Pavuk was injured in an automobile accident. She filed a claim for PIP benefits but did not file a petition for workers' compensation benefits. The PIP benefits were paid by Aetna Casualty & Surety Company. Aetna then filed a workers' compensation petition "as PIP carrier for Wilma Pavuk." Respondent, Pavuk's employer, moved to dismiss the petition for lack of jurisdiction. At oral argument before the judge of compensation it was stipulated that respondent also denied that the accident was *534 work-related. The judge of compensation dismissed the petition, stating that the jurisdiction of the Division of Workers' Compensation was limited to the adjudication of claims filed by injured workers and did not embrace claims by PIP carriers. Aetna appeals.
The PIP carrier's right of deduction of collectible workers' compensation benefits arises from N.J.S.A. 39:6A-6, which provides:
The benefits provided by section 4a., b., c., d., and e. [N.J.S.A. 39:6A-4, PIP benefits] and section 10 [N.J.S.A. 39:6A-10, and additional PIP coverage] shall be payable as loss accrues, upon written notice of such loss and without regard to collateral sources, except that benefits collectible under workmen's compensation insurance, employees temporary disability benefit statutes and medicare provided under Federal law, shall be deducted from the benefits collectible under section 4a., b., c., d., and e. and section 10.
Under the statute, "benefits collectible" from workers' compensation and the other enumerated collateral sources "shall be deducted" from PIP benefits. According to Iavicoli, No Fault & Comparative Negligence in New Jersey (1973), § 13 at 44, as quoted in Wagner v. Transamerica Ins. Co., supra at 33:
... the emphasis is upon the language "benefits collectible." The injured person cannot elect under which coverage he wishes to be paid. If there are collectible workmen's compensation, temporary disability or medicare benefits, the benefits under the Act are reduced by such collectible amount. [Emphasis supplied]
However, in Solimano v. Consolidated Mut. Ins. Co., supra, Judge Morrison ruled that a PIP carrier could not make a unilateral decision that a claimant was entitled to collect workers' compensation benefits. Rather, Judge Morrison ruled, the full PIP benefits had to be paid when due and the carrier could enforce its statutory right of deduction by instituting a workers' compensation proceeding in its own name. This procedure was generally approved and applied also to employees temporary disability benefits in Frazier v. Liberty Mut. Ins. Co., 150 N.J. Super. 123, 146 (Law Div. 1977), and Toppi v. Prudential Ins. Co. of America, 153 N.J. Super. 445, 450-451 (Cty.D.Ct. 1977).
In the present case Aetna followed the procedure set forth in Solimano. However, the judge of compensation dismissed Aetna's *535 petition. He declined to follow Solimano on the ground that it was in conflict with the decisions of the Supreme Court in Conway v. Mister Softee, Inc., 51 N.J. 254 (1968), and Ansede v. National Gypsum, 73 N.J. 444 (1977).
In Conway the court ruled that the statutory jurisdiction of the Division of Workers' Compensation did not embrace disputes solely between two employers. In Ansede the court held that the Division has jurisdiction "as an incident to its jurisdiction over workers' compensation claims," to resolve disputes among successor employers or carriers. The court added: "However, adjudication before the Division of the responsibility inter se must be made in the proceeding instituted by the employee." 73 N.J. at 448.
Conway and Ansede establish the procedures before the Division in cases involving joint employers or successive employers. Those cases make it clear that such disputes can be resolved by the Division but only as part of a proceeding instituted by a disabled worker. They do not, in our view, require dismissal of the petition filed by Aetna.
The PIP carrier is required under the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 et seq., to pay all benefits when due. N.J.S.A. 39:6A-5 and 6; Solimano, 146 N.J. Super. at 396-397. Aetna has complied with this requirement. However, the workers' compensation carrier is primarily liable for any "benefits collectible under the workers' compensation statute." See Wagner v. Transamerica Ins. Co., supra, 167 N.J. Super. at 34; see also Carlo Service Corp. v. Rachmani, 64 App.Div.2d 579, 407 N.Y.S.2d 700, 701 (App.Div. 1978). To the extent the accident and resulting injuries sustained by Pavuk may be work-related and benefits due under the Workers' Compensation Act, Aetna has paid Pavuk a debt owed her by respondent's workers' compensation carrier. Therefore, Aetna has a derivative right to pursue Pavuk's claim against the carrier. This derivative right has its genesis in the statute, N.J.S.A. 39:6A-6 and in the legal and equitable principles underlying *536 the doctrine of subrogation. Hedgebeth v. Medford, 74 N.J. 360, 370-371 (1977). In both Conway and Ansede the court noted that, under N.J.S.A. 34:15-51, a petition must be filed by the "claimant for compensation." In essence, Aetna filed its petition as a subrogee of the claimant for compensation.
We are not unmindful of the limitations on subrogation against third-party tortfeasors contained in N.J.S.A. 39:6A-9. However, we are of the opinion that additional rights of subrogation are necessarily implied by N.J.S.A. 39:6A-6. The right of deduction of collectible benefits afforded by that statute would be meaningless in a case such as the present one unless the PIP carrier is subrogated to the rights of the insured to pursue the collateral benefits.
The Division of Workers' Compensation is vested by statute with exclusive original jurisdiction of all claims for workers' compensation benefits. N.J.S.A. 34:15-49. The precise relief sought by Aetna here is a determination of whether Pavuk is entitled to workers' compensation benefits and, if so, the amount thereof so that the collectible workers' compensation benefits referred to in N.J.S.A. 39:6A-6 may be computed and deducted.[1] The Division is the only tribunal vested with jurisdiction to make that determination. To hold that the Division lacks jurisdiction to entertain and decide the issues presented by Aetna's petition is tantamount to declaring that the Legislature, in enacting N.J.S.A. 39:6A-6, created a right without a remedy. We cannot assume that the Legislature was making an empty gesture, Handleman v. Marwen Stores, Corp., 53 N.J. 404, 413 (1969), or intended that the statutory right of deduction created by N.J.S.A. 39:6A-6 could be nullified by the whim or lack of *537 motivation of an injured employee who is satisfied with the PIP benefits received. Where such an employee does not elect to pursue the remedies available in the Compensation Division, the Division must nevertheless possess jurisdiction to determine what collectible benefits exist (if any). This determination can be made as a result of a petition filed by a PIP carrier as subrogee of the injured employee. The same issues are presented to the Division for determination whether the petition is presented by the employee or in the employee's name by the PIP carrier. A contrary holding would thwart the legislative plan that the primary source for the payment of PIP benefits should be "benefits collectible under Workers' Compensation Insurance."
We hold that incident to its jurisdiction over workers' compensation claims, its power to order reimbursement under N.J.S.A. 34:15-15.1 and its jurisdiction over "claims between or among insurance carrier and employees," Ansede, supra at 448, the Division has jurisdiction over claim petitions filed by PIP carriers as subrogees of injured employees, seeking a determination of the right of the employee to workers' compensation and a determination of the amount of "benefits collectible under workers' compensation insurance" for the purpose of computing the deduction authorized by N.J.S.A. 39:6A-6.
The judgment dismissing the workers' compensation petition filed by Aetna is reversed. The matter is remanded to the Division for further proceedings. We do not retain jurisdiction.
MILMED, J.A.D. (dissenting).
I cannot agree with the reasoning advanced by my colleagues. From my review of the applicable statutes I am convinced that the Division of Workers' Compensation (Division) was without jurisdiction to hear and determine the petition of appellant Aetna Casualty & Surety Co. (Aetna) as PIP carrier for Wilma Pavuk. I would affirm the Division's order dismissing that petition, substantially for the reasons expressed by the judge of *538 compensation in his decision of November 20, 1979. His conclusion that the Division lacked jurisdiction to entertain the insurance carrier's petition is in full accord with the statutory and decisional law of the State.
Thus, in Riccioni v. American Cyanamid Co., 26 N.J. Super. 1, 5 (App.Div. 1953), certif. den. 13 N.J. 289 (1953), this court observed that "the Compensation Bureau [now the Division of Workers' Compensation] is a creature of the statute and ... its special and limited jurisdiction cannot be inflated by consent, waiver, estoppel, or judicial inclination." See also Nagy v. Ford Motor Co., 6 N.J. 341, 349 (1951). And, in Conway v. Mister Softee, Inc., 51 N.J. 254 (1968), a unanimous court explained that
Under the [Workers' Compensation] Act only a "claimant for compensation under article 2 of this chapter (§ 34:15-7 et seq.)" may file a petition. N.J.S.A. 34:15-51. [at 258; emphasis supplied]
Aetna's claim here is not for "compensation," nor is Aetna a "claimant under article 2" (N.J.S.A. 34:15-7 et seq.) of the Workers' Compensation Act, "which article provides solely for benefits to an employee or his dependents." Id.
Also, in Ansede v. National Gypsum Co., 73 N.J. 444, decided June 14, 1977, some five years after the enactment of the New Jersey Automobile Reparation Reform Act (No Fault Law), N.J.S.A. 39:6A-1 et seq., a unanimous court, while recognizing the limited jurisdiction of the Division, pointed out:
The Workers' Compensation Act provides that a claimant for compensation shall file a petition under the Act. N.J.S.A. 34:15-51. Though no provision authorizes or empowers an insurance carrier to institute an independent proceeding against another company or a self-insured for an apportionment of an award, it is well settled that as an incident to its jurisdiction over workers' compensation claims, the Division has jurisdiction over claims between or among insurance carriers and employers. See Conway v. Mister Softee, Inc., 51 N.J. 254, 259 (1968). However, adjudication before the Division of the responsibility inter se must be made in the proceeding instituted by the employee. [at 448; emphasis supplied]
These principles are entirely in keeping with N.J.S.A. 34:15-15.1, which must be read in pari materia with § 6 of the No Fault Law, N.J.S.A. 39:6A-6. N.J.S.A. 34:15-15.1 provides:

*539 Whenever the expenses of medical, surgical or hospital services, to which the petitioner would be entitled to reimbursement if such petitioner had paid the same as provided in section 34:15-15 of the Revised Statutes, shall have been paid by any insurance company or other organization by virtue of any insurance policy, contract or agreement which may have been procured by or on behalf of such petitioner, or shall have been paid by any person, organization or corporation on behalf of such petitioner, the deputy directors or referees of the Division of Workmen's Compensation are authorized to incorporate in any award, order or approval of settlement, an order requiring the employer or his insurance carrier to reimburse such insurance company, corporation, person or organization in the amount of such medical, surgical or hospital services so paid on behalf of such petitioner.
N.J.S.A. 39:6A-6 provides:
The benefits provided in section 4 a., b., c., d., and e. and section 10, shall be payable as loss accrues, upon written notice of such loss and without regard to collateral sources, except that benefits collectible under workmen's compensation insurance, employees temporary disability benefit statutes and medicare provided under Federal law, shall be deducted from the benefits collectible under section 4 a., b., c., d., and e. and section 10.
Thus, benefits of the kind described in N.J.S.A. 39:6A-4 (basic PIP coverage) and N.J.S.A. 39:6A-10 (additional PIP coverage) and collectible by an injured employee under workers' compensation insurance are, upon proper proofs, to be "deducted" (by way of reimbursement to the PIP carrier) from basic and additional PIP coverage benefits paid by the PIP carrier to the injured employee, when and if an award, order or approval of settlement is made by a judge of compensation in a worker's compensation proceeding instituted by the employee.
My colleagues assert that "[t]he precise relief sought by Aetna here is a determination of whether Pavuk is entitled to workers' compensation benefits and, if so, the amount thereof so that the collectible workers' compensation benefits referred to in N.J.S.A. 39:6A-6 may be computed and deducted." However, the petition which Aetna filed with the Division of Workers' Compensation says otherwise. In it Aetna, the "petitioner," made a request and a demand. It requested, in part, "that the Division of Workmen's Compensation determine the amount of compensation due your Petitioner [Aetna] from [the] Respondent [employer], under [the Workers' Compensation Act, N.J.S.A. 34:15-1, et seq.]...." As "PIP Carrier for Wilma Pavuk," it demanded *540 "payment by the respondent [employer] pursuant to N.J.S.A. 39:6A-6 and Solimano vs. Consolidated Mutual Insurance Company, 146 N.J. Super. 393, ..." (Law Div. 1977).
Clearly, no "amount of [worker's] compensation" was "due" to Aetna, the insurance carrier-petitioner, from respondent Para Manufacturing Company. Beyond this, since there has been no "proceeding instituted by the employee" (Wilma Pavuk) in the Division of Workers' Compensation, Ansede v. National Gypsum Co., supra, 73 N.J. at 448, there are no "benefits collectible under [workers'] compensation insurance" which can be "deducted from the [basic and additional PIP coverage] benefits collectible under" N.J.S.A. 39:6A-4 and N.J.S.A. 39:6A-10. N.J.S.A. 39:6A-6.
I would, accordingly, affirm the dismissal of Aetna's petition.
NOTES
[1] The dissent refers to the language of the petition filed in the Compensation Division by Aetna and concludes the relief sought was improper because no compensation was due Aetna from respondent Para Manufacturing Company. While the petition could have more artfully stated the relief sought, it is clear Aetna was seeking an adjudication of the extent of the benefits collectible by Wilma Pavuk under the Workers' Compensation Act and therefore deductible by Aetna pursuant to N.J.S.A. 39:6A-6 from the PIP benefits owed.