178 N.J. Super. 657 (1981)
429 A.2d 1109
VALENTINA MOKIENKO AND VICTOR MOKIENKO, HER HUSBAND, PLAINTIFFS,
v.
ELIZABETH A. GREENAN AND PETER T. GREENAN, INDIVIDUALLY, JOINTLY, SEVERALLY AND/OR IN THE ALTERNATIVE, DEFENDANTS.
Superior Court of New Jersey, Law Division Camden County.
Decided February 4, 1981.
*658 Robert M. Silverman for plaintiffs (Nathan A. Friedman, P.A., attorney).
William L. Lundgren, III for defendants (Green and Lundgren, attorneys).
ROSSETTI, J.S.C.
This motion presents the question of whether a plaintiff uninsured driver may, in a tort damage trial, offer evidence of damages which an insured plaintiff would have recovered under personal injury protection (PIP) benefits of the New Jersey Automobile Reparation Reform Act. N.J.S.A. 39:6A-1 et seq. This issue is unresolved by the act and has not been determined by any court.
N.J.S.A. 39:6A-12 provides:
Evidence of the amounts collectible or paid pursuant to sections 4 and 10 of this act to an injured person is inadmissible in a civil action for recovery of damages for bodily injury by such injured person.
Defendant contends that this section forecloses plaintiff from proving or recovering any damages which would have been *659 recoverable under a PIP policy if plaintiff had been insured. Defendant argues that (1) "collectible" refers to those benefits plaintiff would have collected if insured, and (2) the Legislature intended to penalize plaintiffs who failed to comply with the compulsory insurance scheme by denying them PIP type damages. This court does not agree.

I
The legislative intent must be determined by an examination of the purposes of this legislation. New Jersey P.B.A., Local 29 v. Irvington, 80 N.J. 271, 282-283 (1979); Asbury Park Bd. of Ed. v. Hoek, 38 N.J. 213, 231 (1962). It has often been stated that the purpose of automobile "no fault" legislation was to insure prompt reimbursement to injured persons without the necessity of proving fault. Cirelli v. Ohio Cas. Ins. Co., 72 N.J. 380, 386 (1977); Hagains v. Government Employees Ins. Co., 150 N.J. Super. 576, 580-581 (Law Div. 1977); Iavicoli, No Fault & Comparative Negligence in New Jersey, at 89 (1973). The court in Hoglin v. Nationwide Mut. Ins. Co., 144 N.J. Super. 475 (App.Div. 1976), said:
The purpose of our No Fault Law, as of most no fault legislation, is to afford reparation or at least partial reparation for the objectively provable economic losses resulting from automobile accidents. See Am.Jur.2d, No Fault Insurance, § 1 at 3 (New Topic Service, 1973). Our law requires prompt payment of medical expenses, lost wages, essential services, survivor benefits and funeral expenses to certain classes of persons injured in an automobile accident without regard to negligence, liability or fault and without having to await the outcome of protracted litigation. N.J.S.A. 39:6A-4 and 39:6A-5. See Ortiz v. Safeco, 136 N.J. Super. 532, 535 (Law Div. 1975, mod. on other grounds 144 N.J. Super. 506 (App.Div. 1976); Harris v. Osorio, 125 N.J. Super. 468, 469 (Law Div. 1973). [at 479-480]
The Supreme Court has indicated that N.J.S.A. 39:6A-12 should not result in double recovery.
A corollary of this principle was the statutory recognition that the injured person who was the beneficiary of the PIP payments could not and should not recover from the tortfeasor the medical, hospital and other losses for which he had already been reimbursed. See N.J.S.A. 39:6A-12. Otherwise he would have been unduly enriched by double recovery of those expenses. [72 N.J. at 387].
*660 This concern over double recoveries was also expressed in Eckmeyer, Jr. v. Colburn, 138 N.J. Super. 164, 170 (Law Div. 1975); Rybeck v. Rybeck, 141 N.J. Super. 481, 508, 511 (Law Div. 1976), app. dism., 150 N.J. Super. 151 (App.Div. 1977); Bernick v. Aetna Life and Cas. Ins. Co., 158 N.J. Super. 574, 582 (Cty.D.Ct. 1978).
Further support for this intent to bar double recoveries is found in N.J.S.A. 39:6A-6, "Collateral Source":
The benefits provided in section 4a., b., c., d., and e. and section 10, shall be payable as loss accrues, upon written notice of such loss and without regard to collateral sources, except that benefits collectible under workmen's compensation insurance, employee's temporary disability benefit statutes and medicare provided under Federal law, shall be deducted from the benefits collectible under section 4a., b., c., d., and e. and section 10. [Emphasis supplied]
In Wagner v. Transamerica, 167 N.J. Super. 25 (App.Div. 1979), certif. den. 81 N.J. 60 (1979), plaintiff contended that "collectible" under N.J.S.A. 39:6A-6 meant only those amounts actually paid. The court, in defining "collectible," stated:
We conclude that the Legislature intended by the use of the word "collectible" more than those benefits actually paid ... prior to the time the PIP claim is asserted. The intention was to exclude from the PIP recovery those medical benefits which were legally capable of being recovered ... if a claim had been properly presented. [at 33; emphasis supplied].
Applying the definition used in Wagner, supra and relying on the legislative intent to bar double recoveries, this court does not believe plaintiff's expenses were "collectible" within the meaning of N.J.S.A. 39:6A-12. She is not legally entitled to, nor can she legally collect, PIP benefits. This disability precludes any possibility of a windfall double recovery. Thus, these benefits are not "collectible." Her award in the damages trial will not constitute a recovery for losses for which she has already been reimbursed. Rather, it will constitute a first time recovery for her alleged expenses. A statute intended to prevent double recoveries will not be read by this court to bar any recovery for injuries allegedly suffered but unredressed.

II
This court does not believe that the act intended to deny any recovery to uninsured motorists for PIP type losses as a *661 sanction for noncompliance with compulsory insurance provisions. New Jersey liability policies must provide for PIP coverage. N.J.S.A. 39:6A-4. The Legislature provided specific sanctions for failure to maintain automobile liability insurance. These sanctions include fines, imprisonment and loss of driving privileges. N.J.S.A. 39:6B-2. Clearly, if the Legislature intended the loss of PIP type benefits as an additional penalty for noncompliance, it would have included that result in the violation and penalties section of N.J.S.A. 39:6B-2. It did not, and this court must conclude that the Legislature was content with the penalties and sanctions which are explicit in the act. It should be remembered that this plaintiff was penalized by her inability to recover without a showing of fault the PIP benefits to which she might otherwise have been entitled.

III
It has been argued that N.J.S.A. 39:6A-12 was enacted outside the framework constructed by the Evidence Act of 1960, N.J.S.A. 2A:84A-1 et seq., and therefore is invalid as a rule of evidence, a matter within the jurisdiction of the Supreme Court and beyond the thrust of the Legislature. See 141 N.J. Super. at 508. N.J.S.A. 39:6A-12 is a legislative declaration of substantive law concerning the damages which are recoverable in a tort action and not the enactment of a rule of evidence. Therefore, there is no violation of the jurisdiction of the courts to determine evidential matters. Iavicoli, op. cit., at 92.
Finally, it must be remembered that the No Fault Act modifies a common law cause of action. While statutes in derogation of common law rights obviously are not per se invalid, Magierowski v. Buckley, 39 N.J. Super. 534, 557 (App. Div. 1956), they must be strictly construed. State v. Common Pleas Court, 1 N.J. 14, 22 (1948).
Plaintiff may, therefore, introduce evidence of the amounts and recover from this defendant damages which would have been collectible if she had had personal injury protection coverage.