583 A.2d 382

SELECTIVE INSURANCE COMPANY AS PIP CARRIER FOR DAWN MAY LIPPINCOTT, PETITIONER–APPELLANT, v. WILLIAM J. JONES AND JOYCE JONES, RESPONDENTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 7, 1990—Decided November 29, 1990.

Before Judges PRESSLER, DEIGHAN and BAIME.

*Daniel Posternock* argued the cause for appellant (*Moss, Powers & Kugler*, attorneys, *Daniel Posternock* on the brief).

*Harry R. Howard* argued the cause for respondents.

PER CURIAM.

This appeal requires us to identify the statute of limitations governing a petition filed in the Workers' Compensation Division pursuant to *N.J.S.A.* 39:6A–6 by an automobile liability carrier who seeks reimbursement from its insured's employer

of personal injury protection benefits (PIP) it has paid to or on behalf of its insured. Petitioner Selective Insurance Company, claiming that the expansive limitations period of *N.J.S.A.* 39:6A–13.1 applies, appeals from the dismissal of its petition by the Workers' Compensation Division, which concluded that the two-year period prescribed by *N.J.S.A.* 34:15–51 is applicable. We agree with the Workers' Compensation Division, and since the petition was filed more than two years following the accident, we affirm.

The facts of record are meager. It appears that on January 24, 1984, Dawn Lippincott, while employed as a babysitter by respondents William J. and Joyce Jones, took the children for a ride in an automobile owned by petitioner's insured. She was involved in an accident, apparently sustaining serious injuries. Petitioner was obligated to accord her PIP benefits, and over the next several years paid approximately $106,000, largely for medical expenses and lost wages. Although the record before us includes no particularized explanatory affidavit or certification, petitioner alleges that at some unspecified time following the accident, the Joneses moved to Arizona, making it difficult to determine who their workers' compensation carrier was. Despite petitioner's alleged diligent but unspecified efforts to obtain that information, it was not until October 1986 that they learned that Republic Insurance Company had issued workers' compensation coverage to the Joneses. Petitioner then undertook direct negotiations with Republic, filing this petition on April 6, 1987, when negotiations failed. The date of filing was thus more than three years after the date of the accident.

Republic moved for dismissal on limitations grounds arguing that *N.J.S.A.* 34:15–41 absolutely bars compensation claims unless the petition is filed as prescribed by *N.J.S.A.* 34:15–51, and that *N.J.S.A.* 34:15–51, in turn, requires, except in circumstances not here relevant, that the claim petition be filed within two years after the date on which the accident occurred. Petitioner's response was that it had paid benefits within the two-year period preceding the date of filing of the petition.

Consequently it argued that the petition was timely pursuant to *N.J.S.A.* 39:6A–13.1, which extends the limitations period for filing an action for PIP benefits to two years after the last benefit payment.

■  We are satisfied that Judge Valeriani, in rejecting petitioner's contention, correctly analyzed the statutory scheme both in terms of its express legislative provisions and the public policy choices they represent.  The relationship between workers' compensation benefits and PIP benefits has received considerable attention from our courts.  That relationship proceeds from the recognition that the cost of PIP benefits is ultimately borne by the entire automobile-insurance buying public, whereas the cost of work-related accidents is ultimately borne only by the consumers of the products or services produced by the industry in which the accident occurs.  The Legislature, as a matter of distributing these costs most fairly, has determined that the ultimate responsibility for personal injury losses sustained in work-related automobile accidents should be borne within the workers' compensation system rather than within the automobile insurance system.  The Legislature also has insisted that automobile accident victims be compensated for their economic losses as swiftly and expeditiously as possible.  These two policies are accommodated by requiring the PIP carrier to respond as quickly as practicable to its coverage obligations, while reserving its right to obtain reimbursement from its insured's employer in proceedings in the Workers' Compensation Division, in which it may either intervene or initiate.  See *Lefkin v. Venturini*, 229 *N.J.Super.* 1, 12–13, 550 *A.*2d 985 (App.Div.1988).  *See also Speiser v. Harleysville Ins. Co.*, 237 *N.J.Super.* 507, 511, 568 *A.*2d 543 (App.Div.1990); *Olivero by Olivero v. New Jersey Mfrs. Ins. Co.*, 199 *N.J.Super.* 191, 198, 488 *A.*2d 1071 (App.Div.1985); *Aetna Cas. & Sur. Co. v. Para Mfg. Co.*, 176 *N.J.Super.* 532, 535–36, 424 *A.*2d 423 (App.Div. 1980); *Solimano v. Consolidated Mutual Ins. Co.*, 146 *N.J.Super.* 393, 397–98, 369 *A.*2d 1003 (Law Div.1977).

When the PIP carrier makes a claim in workers' compensation, it does so under principles of subrogation expressly recognized by *N.J.S.A.* 39:6A–6, which, as we said in *Lefkin, supra,* 229 *N.J.Super.* at 13, 550 *A.*2d 985, accords "the PIP carrier the derivative right to seek reimbursement from the employer ... of benefit payments which are primarily the employer's responsibility." In so doing, the carrier stands in the shoes of the employee. Thus, we concluded in *Lefkin,* "these rights of the PIP carrier vis-a-vis its insured's employer are appropriately rights within the exclusive jurisdiction of the workers' compensation court." *Id.*

From these principles, it necessarily follows that the PIP carrier who seeks relief in the Workers' Compensation Division is subject to the same statute of limitations as its insured-employee is, and this is so whether its rights are construed as derivative or direct. In either event the PIP carrier, who must file a claim petition in order to assert its rights, is, literally, a claimant subject to the procedural as well as substantive process of the Division. We are also satisfied that *N.J.S.A.* 39:6A–13.1 is patently inapposite. By its incorporation of the references to *N.J.S.A.* 39:6A–4 (prescribing minimum required PIP benefits) and *N.J.S.A.* 39:6A–10 (defining additional optional benefits), it obviously applies only to suits by an injured person or decedent's estate against the PIP carrier for recovery under the policy. Moreover, the extension of the statute of limitations to two years following the last payment of benefits is a protection for the insured, not the carrier, and has no relevance to any litigation other than a controversy between those two parties.

We also conclude that the applicability of *N.J.S.A.* 34:15–51 to the PIP carrier's claim in compensation does not unfairly impinge upon the carrier's right to obtain reimbursement from the employer and consequently, that it does not offend the reimbursement policy of *N.J.S.A.* 39:6A–6. Obviously, the PIP carrier has the resources and information it requires to investi-

gate each accident and to determine whether the insured was then employed and if so, by whom. Indeed, petitioner here does not assert that it was unaware of either the fact of Lippincott's employment or the identity of her employers. All it did not know was the identity of the employer's compensation carrier. But that gap in its knowledge did not prevent it from filing the petition. The petition after all names as party-respondent not the carrier but the employer. *N.J.S.A.* 34:15–52. Nor would petitioner's lack of knowledge of the employer's current address prevent the filing of the petition. That would affect only the service of the petition, and it is filing, not service, which protects against the running of the statute of limitations. *See Ansede v. National Gypsum Co.,* 73 *N.J.* 444, 449, 375 *A.*2d 649 (1977). Consequently, we need not consider, as both the compensation judge and respondent suggest, whether or not a so-called John Doe complaint patterned upon *R.* 4:26–4 (fictitious names) was an option available to petitioner. It did not need that technique because it knew who the responsible party was. Nor need we, for that reason consider whether *N.J.S.A.* 34:15–51 permits any possibility of deferral of the accrual of the cause of action under the so-called discovery rule.

In short, petitioner's reimbursement relief was required to be sought in the Worker's Compensation Division. Its claim petition was subject to the statutory and procedural requirements generally applicable to such petitions, including the statute of limitations prescribed by *N.J.S.A.* 34:15–51. Its failure to have filed timely does not implicate the policy concerns underlying its statutory subrogation rights. It simply slept on those rights, asserting them too late and without any offsetting equity to excuse its untimeliness.

Affirmed.