253 N.J. Super. 484 (1992)
602 A.2d 292
JOHN HETHERINGTON, DECEASED, BY HIS ADMINISTRATRIX AND DEPENDENT WIDOW MARY ANN HETHERINGTON, PETITIONER, AND HANOVER INSURANCE COMPANY, PETITIONER-APPELLANT,
v.
BRIARWOOD COACHLIGHT, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 22, 1992.
Decided February 6, 1992.
*485 Before Judges MICHELS and CONLEY.
Lee S. Befeler argued the cause for appellant Hanover Insurance Company (Sullivan and Graber, attorneys; Lee S. Befeler on the brief).
Robert Silver argued the cause for respondent (Michals, Wahl, Silver & Leitner, attorneys; Robert Silver on the brief).
The opinion of the court was delivered by CONLEY, J.S.C. (temporarily assigned).
*486 Petitioner Hanover Insurance Company appeals from a judgment of the Division of Workers' Compensation that approved a settlement of its claim against the employer for reimbursement of PIP payments. The settlement was part of an approval of settlement of the claim of Mary Hetherington (Mary) as administratrix of employee John Hetherington (John). The Compensation Judge approved a $40,000 settlement from which $20,000 was to be paid to Hanover in full satisfaction of its PIP lien of $30,104.89. The administratrix consented to the settlement; Hanover did not.
The workers' compensation claim arose from injuries sustained by John in an automobile accident. At the time, he was superintendent for the Briarwood Coachlight Condominium Association. Hanover alleges that just prior to the accident, John and several other co-workers went to pick up supplies for the condominium. On the way they stopped at a motorcycle store to get parts for petitioner's motorcycle. While there, John was paged on his beeper and was told a drain at the condominium was overflowing. The accident occurred while he was on his way back to the condominium. He sustained $30,104.89 medicals which was paid by Hanover, his auto carrier, under PIP. Petitioner's widow and administratrix (Mary) sought workers' compensation benefits on his behalf. Hanover intervened, seeking reimbursement of the medicals.
Briarwood took the position, however, that John was not in its employ at the time of the accident. It offered to settle by paying $25,000 to Mary and $15,000 to Hanover. The offer was an all-or-nothing deal. Mary wanted to settle. Hanover, while not opposing a settlement with her as to the estate's compensation claim, took the position it would not settle its statutory reimbursement right for less than the full reimbursement. The Compensation Judge forced a "settlement" of $20,000 for each, reasoning that Hanover's interest was derivative only and that Mary was the real party in interest. We disagree.
*487 Where, as here, there is available to an injured party both PIP benefits and workers' compensation benefits, the initial source of recovery is from the PIP carrier which is required to pay all benefits when due. N.J.S.A. 39:6A-5, 6; Olivero by Olivero v. New Jersey Mfrs. Ins. Co., 199 N.J. Super. 191, 193, 488 A.2d 1071 (App.Div. 1985). The PIP carrier, however, is not left without a remedy for recovering PIP payments where there is a compensable work-related accident. N.J.S.A. 39:6A-6, as amended in 1983, provides in pertinent part:
... If an insurer has paid those benefits [benefits pursuant to N.J.S.A. 39:6A-4 and 10] and the insured is entitled to, but has failed to apply for, workers' compensation benefits or employees' temporary disability benefits, the insurer may immediately apply to the provider of workers' compensation benefits or of employees' temporary disability benefits for a reimbursement of any section 4 and section 10 benefits it has paid.
Similarly recognizing the right of reimbursement a PIP carrier has against the compensation employer, N.J.S.A. 34:15-15.1 states:
Whenever the expenses of medical, surgical or hospital services, to which the petitioner would be entitled to reimbursement if such petitioner had paid the same as provided in section 34:15-15 of the Revised Statutes, shall have been paid by any insurance company or other organization by virtue of any insurance policy, contract or agreement ... the deputy directors or referees of the Division of Workmen's Compensation are authorized to incorporate in any award, order or approval of settlement, an order requiring the employer or his insurance carrier to reimburse such insurance company ... in the amount of such medical, surgical or hospital services so paid on behalf of such petitioner. [Emphasis added].
A PIP carrier, then, possesses a statutory right of reimbursement for the full amount of PIP payments made to an insured where the accident and injuries therefrom are found to be compensable. In Solimano v. Consolidated Mutual Ins. Co., 146 N.J. Super. 393, 369 A.2d 1003 (Law Div. 1977), the PIP carrier was required to pay PIP payments notwithstanding the claim the insured's injuries were compensable under workers' compensation. However, premised upon to the statutory right of reimbursement from the employer, it also was "... permitted to initiate, in its own name, a petition in workmen's compensation *488 to determine what amount, if any, is collectible from the `collateral source,' i.e., the compensation carrier." 146 N.J. Super. at 401, 369 A.2d 1003. Accord, Aetna Cas. & Sur. Co. v. Para Mfg. Co., 176 N.J. Super. 532, 535-36, 424 A.2d 423 (App.Div. 1980).
In Solimano and Aetna, the employee had not filed a petition, thus the carrier had the right to directly file one in its own name. But the existence or non-existence of a claim petition is not dispositive of the ability of the carrier to assert its own statutory right to reimbursement within the context of a worker's compensation proceeding. Thus, in Olivero by Olivero v. New Jersey Mfrs. Ins. Co., 199 N.J. Super. at 200, 488 A.2d 1071, we said: "[s]ince the PIP carrier has the right to pursue the remedies of the employee in the Division or [sic] Workers' Compensation in default of a petition by an employee, Aetna, 176 N.J. Super. at 537, 424 A.2d 423 then NJM may intervene in the pending workers' compensation proceedings in order to protect its interest to see that the full measure of benefits are awarded in those proceedings in order to minimize like benefits which may be payable under the No-Fault Act...." (citations omitted; emphasis added). Cf. Selective Ins. Co. v. Jones, 244 N.J. Super. 641, 645, 583 A.2d 382 (App.Div. 1990); Lefkin v. Venturini, 229 N.J. Super. 1, 13, 550 A.2d 985 (App.Div. 1988). See also Speiser v. Harleysville Ins. Co., 237 N.J. Super. 507, 510, 568 A.2d 543 (App.Div.), certif denied 121 N.J. 647, 583 A.2d 337 (1990).
Here that is precisely what Hanover has done. It intervened in the pending workers' compensation action to protect its interest in receiving full reimbursement of the PIP benefits it has paid. Its right of reimbursement is a direct right against the employer, N.J.S.A. 39:6A-6; it is not simply a lien against a compensation award to the petitioner. To be sure, it is dependent upon and, thus, derivative of the compensability of the worker's injuries. But as the Legislature has fashioned it, it is *489 a remedy the carrier may pursue independently in the worker's compensation court.
In forcing Hanover here to accept the settlement, the judge relied upon N.J.S.A. 34:15-20. That statute provides in part:
In case of a dispute over or failure to agree upon a claim for compensation between employer and employee, or the dependents of the employee, either party may submit the claim ... to the Division of Workers' Compensation.... when it shall appear that the issue or issues involve the question of jurisdiction, liability, causal relationship or dependency of the petitioner ... and the petitioner and the respondent are desirous of entering into a lump-sum settlement of the controversy, a judge of compensation may with the consent of the parties, after considering the testimony of the petitioner and other witnesses, together with any stipulation of the parties, and after such judge of compensation has determined that such settlement is fair and just under all the circumstances, enter "an order approving settlement." Such settlement, when so approved ... shall have the force and effect of a dismissal of the claim petition and shall be final and conclusive upon the employee and the employee's dependents, and shall be a complete surrender of any right to compensation or other benefits arising out of such claim under the statute....
Thus, pursuant to this statute, a compensation judge may, upon consent of the parties, approve a settlement. But we note that not only does this statute not refer to the PIP carrier's separate statutory right of reimbursement, but it plainly does not authorize a settlement without consent. We do not interpret the reference in the statute to consent by the petitioner and respondent and omission of reference to consent by the PIP carrier, as in anyway indicating legislative intent to confer upon either petitioner, the employer, or the judge the authority to force a settlement of the PIP carrier's claim. Indeed, we note that N.J.S.A. 34:15-15.1 specifically authorizes incorporation in an approval of settlement of "an order requiring the employer or his insurance carrier to reimburse" an insurance company that has paid compensable medical expenses. It does not authorize, at least without the carrier's consent, partial reimbursement.
We acknowledge the judge's policy concerns where a petitioner may, for a variety of reasons, wish to settle, but where a carrier may not, and where the judge may determine the settlement to be in the best interests of the petitioner. In those instances, a separate settlement with the petitioner could *490 be effectuated with the carrier left to pursue its claim for full reimbursement. But we think, under the present Legislative scheme, it is beyond the scope of the authority of a compensation judge to force a carrier to accept a settlement where, as here, the employer refuses to settle only with the petitioner, without settlement of the carrier's claim, notwithstanding any inequities the judge may perceive.
Reversed and remanded for further proceedings.