697 A.2d 952

CHUBB GROUP ON BEHALF OF GEORGE AND MARIE CONRAD, PETITIONER–APPELLANT, v. TRENTON BOARD OF EDUCATION, RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 21, 1997—Decided August 7, 1997.

Before Judges KESTIN and EICHEN.

*Gerard H. Hanson* argued the cause for appellant (*Hill Wallack*, attorneys; *Mr. Hanson* on the brief).

*Thaddeus P. Mikulski, Jr.*, argued the cause for respondent (*Dietrich, Dietrich & Mikulski*, attorneys; *Virginia M. Dietrich* of counsel; *Joseph D. Olivieri* on the brief).

The opinion of the court was delivered by

EICHEN, J.A.D.

The question presented by this appeal is whether a personal injury protection (PIP) carrier's right to seek reimbursement in the Workers' Compensation Division for medical benefits paid for its minor insureds is extinguished by the minors' decision to file a common-law tort action for damages against their employer. We conclude the PIP carrier's right is not extinguished under such circumstances.

Petitioner Chubb Group (Chubb) appeals from the entry of an order by the Division of Workers' Compensation (the Division) denying its claim for reimbursement for PIP medical benefits in excess of $29,000. The benefits were paid on behalf of petitioner's insureds, minors Marie and George Conrad, Jr., on account of injuries they sustained in a single car accident on July 8, 1992 which occurred while they were acting within the scope of their employment for the respondent, the Trenton Board of Education.[1] The minors had PIP coverage under their parents' automobile policy.

On July 8, 1994, Chubb filed a claim petition with the Division seeking reimbursement for the medical expenses paid on behalf of the minors. Respondent denied liability because George and Marie, as minors, had chosen to exercise their statutory right of election and pursue a common-law tort action against respondent, *N.J.S.A.* 34:15–10 (preserving a minor's right "to recover damages in a common law or other appropriate action or proceeding for injuries received by reason of the negligence of his or her master"), rather than pursue a workers' compensation remedy.

The matter was heard by a workers' compensation judge who, following oral argument, ruled in favor of respondent and dismissed the petition. The judge determined that "where an em-

---

[1] The question, if any, as to whether the accident was work-related and the injuries compensable was not raised before the Division judge. We assume the parties would not have contested the compensability of the injuries had the issue been raised.

ployee ... affirmatively files in the Superior Court and [in]vokes the jurisdiction of the Superior Court, there isn't any possible workers' compensation action that can be brought." The judge also concluded that policy reasons and issues of fairness preclude the imposition of an unanticipated monetary burden upon workers' compensation carriers where injured employees are treated by medical providers who are not selected by the workers' compensation carrier. The judge reasoned that neither the employer nor the workers' compensation carrier should have to absorb the cost of reimbursing the PIP carrier for unauthorized medical treatment, while facing the possibility of a substantial award in the personal injury action against the employer. Thus, the judge concluded that permitting a PIP carrier to recover costs in the workers' compensation system "undermines the financial soundness of the ... system ... that results from control of the provision for treatment by employers and their carriers." Accordingly, the judge concluded that he lacked jurisdiction over the petition. We disagree and reverse.

 Although we afford substantial deference to an administrative agency's interpretation of a statute, we are not bound by that interpretation or the agency's determination of a strictly legal issue, which we conclude this case presents. *Goodman v. Board of Review,* 245 *N.J.Super.* 551, 556, 586 *A.*2d 313 (App.Div.1991) (citing *Mayflower Securities v. Bureau of Securities,* 64 *N.J.* 85, 312 *A.*2d 497 (1973)). Construction of a statute is a judicial, not an executive function. *Service Armament Co. v. Hyland,* 70 *N.J.* 550, 561, 362 *A.*2d 13 (1976). And when the interpretation is clearly contrary to the plain meaning of the statute, we must override it. *Philadelphia Outdoor v. New Jersey Expressway Authority,* 221 *N.J.Super.* 207, 534 *A.*2d 77, *appeal dismissed,* 114 *N.J.* 470, 555 *A.*2d 598 (1989).

 An insurer must make payment of PIP benefits to an eligible injured insured within sixty days of receipt of a written notice of loss. *N.J.S.A.* 39:6A–6. Indeed, even though the injured insured is also entitled to receive workers' compensation benefits because the injury arose out of a work-related, compensable

accident, the PIP carrier is required to pay *all* reasonable and necessary benefits promptly when due, subject, however, to its right of reimbursement. *Olivero by Olivero v. New Jersey Mfrs. Ins., Co.,* 199 *N.J.Super.* 191, 198, 488 *A.*2d 1071 (App.Div.1985), *certif. denied,* 115 *N.J.* 76, 556 *A.*2d 1219 (1989); *Aetna Cas. & Sur. Co. v. Para Mfg. Co.,* 176 *N.J.Super.* 532, 535, 424 *A.*2d 423 (App.Div.1980). That is, the PIP carrier has "a right to a deduction [of] *benefits collectible* under compensation" which means it has a right to be reimbursed by the employer for all reasonable and necessary medical expenses paid on behalf of its automobile insured. *Solimano v. Consolidated Mutual Ins. Co.,* 146 *N.J.Super.* 393, 401, 369 *A.*2d 1003 (Law Div.1977) (emphasis added), *approved in Aetna, supra,* 176 *N.J.Super.* at 535–37, 424 *A.*2d 423. *See also Hetherington v. Briarwood Coachlight,* 253 *N.J.Super.* 484, 487–88, 602 *A.*2d 292 (App.Div.1992). This right of deduction emanates from *N.J.S.A.* 39:6A–6, which provides that PIP benefits

shall be payable as loss accrues, upon written notice of such loss and without regard to collateral sources, except that *benefits, collectible under workers' compensation insurance ... shall be deducted from the benefits collectible under section 4 [PIP coverage] and section 10 [additional PIP coverage]*. (emphasis added).

█ A PIP carrier's right of reimbursement is not dependent, however, on an injured worker's diligence in seeking compensation in the Division. Indeed, "[w]here ... an [injured] employee does not elect to pursue the remedies available in the Compensation Division," the PIP carrier still has the right "as subrogee[ ] of the injured employee[ ]" to seek "a determination of ... the amount of 'benefits collectible under workers' compensation insurance' for the purpose of computing the deduction authorized by *N.J.S.A.* 39:6A–6." *Aetna, supra,* 176 *N.J.Super.* at 537, 424 *A.*2d 423. Thus, the Compensation Division possesses jurisdiction to make that determination. *Ibid.* This principle is codified in *N.J.S.A.* 39:6A–6, which was amended in 1983 to provide the following:

If an insurer has paid [benefits pursuant to *N.J.S.A.* 39:6A–4 and 10] and the insured is *entitled to, but has failed to apply for, workers' compensation benefits* or employees' temporary disability benefits, *the insurer may immediately apply to the provider of workers' compensation benefits* or of employees' temporary disability benefits *for a reimbursement of any section 4 and section 10 benefits [PIP benefits] it has paid.* (emphasis added).

The workers' compensation statute also recognizes the PIP carrier's right of reimbursement. *N.J.S.A.* 34:15–15.1 states:

> Whenever the expenses of medical, surgical or hospital services, to which the petitioner would be entitled to reimbursement if such petitioner had paid the same as provided in section 34:15–15 of the Revised Statutes, *shall have been paid by any insurance company* or other organization by virtue of any insurance policy, contract or agreement . . . *the deputy directors or referees of the Division of Workmen's Compensation are authorized to incorporate in any* award, *order* or approval of settlement, *an order requiring the employer or his insurance carrier to reimburse such insurance company* . . . *in the amount of such medical, surgical or hospital services so paid on behalf of such petitioner.* (emphasis added).

Prior to the 1983 amendment of *N.J.S.A.* 39:6A–6, we recognized a PIP carrier's right to reimbursement in the face of less than diligent efforts by an insured worker to pursue his or her workers' compensation claim. In *Aetna, supra,* an injured worker, for some unexplained reason, did not file a petition for workers' compensation benefits in the Division. In that case, we observed that the Legislature could not have "intended that the statutory right of deduction could be nullified by the whim or lack of motivation of an injured employee who is satisfied with the PIP benefits received[,]" and does not file a petition for workers' compensation. 176 *N.J.Super.* at 536–37, 424 *A.*2d 423.

In this case, the injured minor employees have determined not to file a compensation petition, not "on a whim or lack of motivation," but because they prefer to pursue their statutory right, as minors, to seek personal injury damages under the common law in a civil action. That, of course is their right. *N.J.S.A.* 34:15–10. This does not mean, however, that their decision to forego workers' compensation benefits extinguishes the statutory right granted to a PIP carrier by the Legislature to have a compensation judge determine what amount of PIP benefits the PIP carrier is entitled to receive as reimbursement irrespective of the minors' decision to sue their employer. The plain language of *N.J.S.A.* 39:6A–6, as amended, is clear: So long as the minors are "entitled to workers' compensation benefits," and have "failed to apply" for such benefits, regardless of the reason, Chubb may apply for reimbursement from their employer

or their carrier for the PIP benefits it paid on behalf of the minors.[2]

Concededly, a PIP carrier's right to assert a claim for PIP reimbursement in the Workers' Compensation Division is "dependent upon, and thus, derivative of the compensability of the worker's injuries." *Hetherington, supra,* 253 *N.J.Super.* at 488, 602 *A.*2d 292; *see Aetna, supra,* 176 *N.J.Super.* at 535, 424 *A.*2d 423. However, the PIP carrier's entitlement to reimbursement, although dependent upon the compensability of the insured's injuries under workers' compensation, cannot be defeated by the minors' decision to select the Superior Court over the Division as the forum for their actions against their employer. Notably, the term "benefits collectible," as used in *N.J.S.A.* 39:6A–6, does not refer to workers' compensation benefits actually paid, but to those benefits that "were legally capable of being recovered in the Division ... *if a claim had been properly presented." Wagner v. Transamerica Insurance Company,* 167 *N.J.Super.* 25, 33, 400 *A.*2d 497 (App.Div.) (emphasis added), *certif. denied,* 81 *N.J.* 60, 404 *A.*2d 1159 (1979); *see Mokienko v. Greenan,* 178 *N.J.Super.* 657, 660, 429 *A.*2d 1109 (Law Div.1981). Since the medical benefits paid by Chubb were "legally capable" of being recovered by the minors, Chubb's right of reimbursement persists despite the minors' institution of a common-law tort action.[3] In short, the derivative nature of Chubb's entitlement to reimbursement depends on whether the minors' injuries are compensable, not on their selection of a forum. We conclude, therefore, that as long as Chubb paid PIP benefits as the result of a compensable accident

---

[2] There is nothing in the legislative history to *N.J.S.A.* 39:6A–6 indicating that the Legislature intended to limit the amendment to those situations where an adult insured has not filed a claim in workers' compensation after receiving PIP benefits.

[3] We note that, *at the time Chubb filed its petition* for reimbursement with the Division, the injured minors were still "legally capable" of asserting a claim for workers' compensation benefits, despite their filing a civil action. *Pappano v. Shop Rite of Pennington, Inc.,* 213 *N.J.Super.* 305, 307–08, 517 *A.*2d 178 (App. Div.1986).

and injuries, there were benefits to which the minors would have been entitled had they applied for them. Thus, Chubb has the statutory right to have the compensation judge determine the amount of reimbursement to which it would have been entitled had the minors filed their claims against respondent in the Division.

Recognizing that the Legislature has expressed an intention to permit PIP carriers to file a claim for reimbursement under *N.J.S.A.* 39:6A–6 when an adult insured worker has not applied for compensation benefits, we perceive no sound basis for concluding that such intendment does not pertain merely because the injured worker is a minor who has filed a common-law tort action against his employer under *N.J.S.A.* 34:15–10. Indeed, there are sound policy reasons for allowing a PIP carrier to recover the medical benefits paid on behalf of its minor insureds who opt out of the workers' compensation scheme. As we stated in *Selective Ins. Co. v. Jones,* 244 *N.J.Super.* 641, 583 *A.*2d 382 (App.Div.1990):

> The relationship between workers' compensation benefits and PIP benefits ... proceeds from the recognition that the cost of PIP benefits is ultimately borne by the entire automobile-insurance buying public, whereas the cost of work-related accidents is ultimately borne only by the consumers of the products or services produced by the industry in which the accident occurs. The Legislature, as a matter of distributing these costs most fairly, has determined that the ultimate responsibility for personal injury losses sustained in work-related automobile accidents should be borne within the workers' compensation system rather than within the automobile insurance system. The Legislature also has insisted that automobile accident victims be compensated for their economic losses as swiftly and expeditiously as possible. These two policies are accommodated by requiring the PIP carrier to respond as quickly as practicable to its coverage obligations, while reserving its right to obtain reimbursement from its insured's employer in proceedings in the Workers' Compensation Division, in which it may either intervene or initiate.
>
> [*Id.* at 644, 583 *A.*2d 382 (citing *Lefkin v. Venturini,* 229 *N.J.Super.* 1, 12–13, 550 *A.*2d 985 (App.Div.1988)).]

Recognizing that a PIP carrier retains a right of reimbursement under the circumstances presented in this case is consistent with the aforementioned principles and serves "the financial interest of the automobile-owning public," *cf. Lefkin, supra,* 229 *N.J.Super.* at 12–13, 550 *A.*2d 985.

We should also not lose sight of the fact that this case involves employment-related injuries for which the employer or the work-

ers' compensation carrier ordinarily bears the full cost of the workers' injuries. *See Wagner, supra,* 167 *N.J.Super.* at 34, 400 *A.*2d 497. Leaving the burden of paying the medical expenses of the injured minor worker on the employer serves as an incentive for safety in respect of the employer who decides to hire minors as part of its workforce.

Moreover, the fact that an employer may be exposed to substantial liability for personal injury damages in a common-law tort action simply does not defeat the clearly expressed legislative policy placing the ultimate source for recovery of the minors' medical expenses on the employer or its workers' compensation carrier. *See ibid.; Selective Ins. Co., supra,* 244 *N.J.Super.* at 644, 583 *A.*2d 382. Notably, if the minors in this case succeed on their common-law tort claims, respondent, as a public entity, may be entitled to a credit for workers' compensation benefits paid on the minors' behalf. *N.J.S.A.* 59:9–2e; *Furey v. County of Ocean,* 273 *N.J.Super.* 300, 318–19, 641 *A.*2d 1091 (App.Div.), *certif. denied,* 138 *N.J.* 272, 649 *A.*2d 1291 (1994). Accordingly, we discern no unfairness to the employer.

Our holding, however, does not leave an employer without a remedy in the Division for medical costs it perceives to be excessive. Under *N.J.S.A.* 34:15–15.1 an insurance company is entitled to reimbursement only in an amount permitted under *N.J.S.A.* 34:15–15, which provides that "[a]ll fees and other charges for [medical] treatment *shall be reasonable.*" Indeed, "no expense incurred may be recovered that is not shown to be reasonable and necessary by sufficient competent medical evidence" and the claimant bears the burden of showing such reasonableness. *Squeo v. Comfort Control Corp.,* 99 *N.J.* 588, 599, 494 *A.*2d 313 (1985). Thus, recognizing Chubb's right to seek reimbursement in the Division does not detract from respondent's concomitant right to challenge those medical expenses incurred by the minors and paid by the PIP carrier which respondent contends were not reasonable or necessary.

We decline to address respondent's argument, raised here for the first time on appeal, that we should affirm the judgment

because the dismissal of Chubb's petition "is consistent with the Legislature's limitations of claims against public entities [under] the New Jersey Tort Claims Act, *N.J.S.A.* 59:1-1 *et seq.*" *See Nieder v. Royal Indem. Ins. Co.*, 62 *N.J.* 229, 234, 300 *A.2d* 142 (1973) ("It is a well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'") (quoting *Reynolds Offset Co. v. Summer*, 58 *N.J.Super.* 542, 548, 156 *A.2d* 737 (App.Div.1959), *certif. denied*, 31 *N.J.* 554, 158 *A.2d* 453 (1960)); *In re Kovalsky*, 195 *N.J.Super.* 91, 99, 477 *A.2d* 1295 (App.Div.1984) ("An issue which is raised for the first time on appeal and is not supported by the record is not properly before this court.").

Accordingly, we reverse and remand the matter to the Division for further proceedings in accordance with this opinion.