237 N.J. Super. 507 (1990)
568 A.2d 543
JOSEPH SPEISER, PLAINTIFF/RESPONDENT,
v.
HARLEYSVILLE INSURANCE CO., DEFENDANT/APPELLANT.
HARLEYSVILLE INSURANCE CO., PLAINTIFF-APPELLANT,
v.
JOSEPH SPEISER, DEFENDANT/RESPONDENT, AND CONTINENTAL INSURANCE CO., DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued October 12, 1989.
Decided January 5, 1990.
*508 Before Judges KING, BAIME and KEEFE
John R. Gercke argued the cause for the appellant (Schuenemann, Gercke, Dumser & Feld, attorneys; John R. Gercke and William C. Popjoy, III, on the brief)
*509 Robert J. Kelley, Jr. argued the cause for the respondent (Segal, Andres & Kelley, attorneys; Robert J. Kelley, on the brief).
The opinion of the court was delivered by KEEFE, J.A.D.
The issue presented on appeal is whether an automobile insurance carrier must pay PIP benefits to an insured who is injured in a work-related accident where the insured receives reasonable and necessary medical treatment but from a physician not authorized by the workers' compensation insurer, and, if so, what remedies are available to the automobile insurer. Joseph Speiser was injured in an automobile accident on May 9, 1986 while in the course of his employment. The day after the accident he began treatment with Dr. Harry Greenetz for the injuries he sustained. Continental Insurance Company (Continental), the employer's workers' compensation insurer, paid Dr. Greenetz's medical treatment bills until July 16, 1986, when it advised Speiser that further medical treatment would be provided by Dr. Hassan Zekavat and that any future treatment by Dr. Greenetz would be unauthorized. Speiser continued treatment with Dr. Greenetz and Continental refused to pay the bill. Speiser then submitted the balance of Dr. Greenetz's bill to the Harleysville Insurance Company (Harleysville), Speiser's automobile insurance carrier. Harleysville denied payment of the bill and Speiser filed suit against Harleysville.
Harleysville thereafter filed a declaratory judgment action against Speiser and Continental, seeking a declaration that Harleysville was not obligated to pay Speiser's medical bill for the treatment rendered by Dr. Greenetz. In the alternative, Harleysville sought a declaration that if Harleysville is required to pay the bill, it is entitled to reimbursement from Continental. The actions were consolidated for trial.
Cross-motions for summary judgment were made by all parties. The Law Division judge granted Speiser's and Continental's *510 motions for summary judgment, dismissed the declaratory judgment action and ordered Harleysville to pay the outstanding medical bill of Dr. Greenetz. This appeal followed. Except for the Law Division judge's reliance upon Lapollo v. Hospital Serv. Plan of New Jersey, 113 N.J. 611 (1988), we substantially agree with his analysis of the issues presented and affirm.
Because Speiser has not filed a workers' compensation petition, the facts of this case are more akin to those presented in Aetna Cas. & Sur. Co. v. Para Mfg. Co., 176 N.J. Super. 532 (App.Div. 1980) and Solimano v. Consolidated Mut. Ins. Co., 146 N.J. Super. 393 (Law Div. 1977), than they are to Olivero v. New Jersey Mfr. Ins. Co., 199 N.J. Super. 191 (App.Div. 1985), or Wagner v. Trans America Ins. Co., 167 N.J. Super. 25 (App.Div. 1979), certif. den. 81 N.J. 60 (1979), as contended by Harleysville and Speiser.
Harleysville admitted during discovery that Speiser's treatment by Dr. Greenetz was "reasonable, necessary and causally related to injuries sustained in the accident in question." Thus, Harleysville was obligated by statute to pay such benefits on behalf of Speiser as they became due. N.J.S.A. 39:6A-4, -5, -6; Aetna Cas. & Sur. Co., 176 N.J. Super. at 535. Once Harleysville's obligation to pay medical benefits is established, the obligation is primary. Olivero, 199 N.J. Super. at 198. Further, even though Harleysville may ultimately be entitled to credit for benefits "collectible under workers' compensation insurance," N.J.S.A. 39:6A-6, it may not make a unilateral decision that the benefits are collectible. Olivero, 199 N.J. Super. at 198; Aetna Cas. & Sur. Co., 176 N.J. Super. at 534; Solimano, 146 N.J. Super. at 396-97. Only the Workers' Compensation Court can make that determination. Olivero, 199 N.J. Super. at 198; Aetna Cas. & Sur. Co., 176 N.J. Super. at 536. Therefore, the Law Division judge was clearly correct when he declined to speculate whether Dr. Greenetz's bill would be considered as a compensible benefit under N.J.S.A. 34:15-15.
*511 The Legislature recognized the soundness of the decisions in Solimano and Aetna Cas. & Sur. Co., for, in response to those decisions, it amended N.J.S.A. 39:6A-6, effective October 4, 1983. The amendment allows PIP carriers, such as Harleysville, to institute proceedings against workers' compensation insurers where the compensibility of medical benefits is in dispute and the claimant, as here, has not initiated a compensation petition.
Harleysville contends that such a proceeding would be a waste of time because a compensation judge will undoubtedly determine that Speiser's treatment with Dr. Greenetz was unauthorized by the employer (Continental). It argues, based on that assumption, that we should now decide that claimants are barred from recovering PIP benefits where they have been injured in a work-related accident and reject treatment authorized by the employer. We decline to address that hypothetical question. Harleysville must first exhaust the remedy afforded to it by case law and statute and receive an adverse adjudication in the Workers' Compensation Court before the issue it wishes to present becomes ripe for review. Paterson Redevelopment Agency v. Schulman, 78 N.J. 378 (1979), cert. den. 444 U.S. 900, 100 S.Ct. 210, 62 L.Ed.2d 136 (1979).
Affirmed.