715 A.2d 1025 (1998)
314 N.J. Super. 597
Denise HOUSEL, Individually and as Guardian Ad Litem for Tammara Housel, and Charles T. Housel, Plaintiffs-Appellants,
v.
Styianos THEODORIDIS and Stanleys Pools & Spas, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted[1] April 22, 1998.
Decided September 4, 1998.
*1026 William J. Courtney, Flemington, for plaintiffs-appellants (Jeffrey J. Mahoney, Trenton, on the brief).
Martin Simmonds, Whitehouse, for defendants-respondents (Edward R. Martin, Newark, of counsel and on the brief).
Before Judges KING, KESTIN and CUFF.
The opinion of the court was delivered by KESTIN, J.A.D.
On leave granted, plaintiffs in this automobile accident case appeal from the trial court's order denying their motion for summary judgment on the issue of liability. We reverse.
Plaintiff Denise Housel, both individually and as Guardian ad Litem for her daughter, Tammara Housel, and Charles T. Housel, per quod, filed a personal injury suit against defendants. The matter was arbitrated pursuant to R. 4:21A and resulted in an award to plaintiffs of $30,000. Defendants demanded trial de novo. R. 4:21A-6. Thereafter, defendants moved for summary judgment dismissal of the case, and plaintiffs cross-moved for summary judgment solely on the issue of liability. The trial court denied both motions. Plaintiffs' ensuing motion for reconsideration was also denied. We granted plaintiffs' unopposed motion for leave to file an interlocutory appeal.
According to Denise Housel's deposition, at 10:00 a.m. on Saturday, August 28, 1993, she was driving her eleven-year-old daughter, Tammara, to hockey practice in a local park. They were in a 1986 Oldsmobile Delta, a pre-airbag model, and both were wearing shoulder/waist seatbelts. Traveling eastbound on Route 57, East Washington Avenue, they were stopped at a red light at its intersection with Route 31, in the right lane, preparing to make a right turn.
Defendant Styianos Theodoridis testified in his deposition that at the time of the accident he was driving his business vehicle, a 1986 Ford van, on Route 57, heading east on his way to perform work for his family-owned swimming pool construction operation. When he was ten to fifteen feet behind the Housel automobile, he noticed it was stopped. At that point he became blinded by the sun. Theodoridis hit the brakes, but his van collided with the rear of the Oldsmobile. The impact of the collision pushed plaintiffs' automobile approximately one-and-a-half car lengths onto Route 31.
A police report written up at the scene shortly after the incident indicated that the Oldsmobile's brake lights were fully operational after the accident. A summons for careless driving, N.J.S.A. 39:4-97, was issued to defendant, for which he paid the fine in due course.
*1027 Defendants' motion for summary judgment was premised on the argument that defendants' van was an "automobile" as defined in N.J.S.A. 39:6A-2a, subjecting plaintiffs' claims to the verbal threshold, which defendants contended had not been met. In response to plaintiffs' cross-motion for summary judgment on liability, defendants raised no issue other than to argue that plaintiffs' failure to meet the verbal threshold precluded their suit.
Plaintiffs' cross-motion was accompanied by a "statement of undisputed material facts" conforming with the requirements of R. 4:46-2(a), and containing references to the record as mandated by the rule. Defendants neither submitted a statement of material facts with their motion papers, nor with their response to plaintiffs' cross-motion as required by R. 4:46-2(b). Plaintiffs' attorney appeared for oral argument on the motions; defendants' attorney did not. Thus, defendants offered no other opposition to plaintiffs' cross-motion except for the verbal threshold argument.
Defendants' motion for summary judgment on verbal threshold grounds was denied because the motion judge found the van was used for business purposes, and was thus "outside of the verbal threshold." Defendant has not appealed from this ruling and we do not address it. See N.J.S.A. 39:6A-2a ("`Automobile' means a private passenger automobile...."); Wagner v. Transamerica Ins. Co., 167 N.J.Super. 25, 31-32, 400 A.2d 497 (App.Div.), certif. denied, 81 N.J. 60, 404 A.2d 1159 (1979).
The judge also found there was an issue of fact in dispute that precluded a grant of plaintiffs' cross-motion for summary judgment on liability. The judge's reasoning is best explained by the following on-the-record exchange, which includes his ruling:
THE COURT: Plaintiff has also moved for summary judgment on the issue of liability.
[PLAINTIFF'S COUNSEL]: Which, Your Honor, just for the record, it was unopposed by the defendants in their responding papers. They made no submission on our cross-motion as to liability. They only submitted additional information on the issue of the car being under the statute.
THE COURT: Well, that's not entirely so. Who pointed out the fact of the stop lights?
[PLAINTIFF'S COUNSEL]: I believe that was in their moving papers, not in response to our cross-motion for summary judgment, in their moving papers they conceded liability. They said assuming we are liable for it she hasn't met her burden under the threshold.
THE COURT: That is an argument, that is not a concession.
I am going to deny your summary judgment motion on the fact that I think there is, it's weak, but I think there is still a factual issue and I think I still have a lot of factual issues even under Brill,[2] until at least I have heard testimony. Maybe the testimony at the trial ... may not get it to the jury, that issue on liability, but at least at this stage because of the comments and the papers, the moving papers by the defendant before the brake light situation, I know he saw the car should have stopped, but if there is one percent negligence I suppose on the part of the plaintiff in driving a car that didn't have brake lights, I don't know if they could sustain that burden of showing it at the trial. I think I have to let it go at this point.
On appeal, plaintiffs raise two points:
POINT I: THE TRIAL COURT'S DECISION DENYING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT WAS CONTRADICTORY TO THE RULES OF COURT.
POINT II: THE TRIAL COURT'S DETERMINATION THAT THERE EXISTS A GENUINE ISSUE OF MATERIAL FACT AS TO DEFENDANT'S LIABILITY WAS INCONSISTENT WITH THE COMPETENT EVIDENCE.
R. 4:46-2, governing summary judgment proceedings, was amended effective September 1996. Pressler, Current N.J. Court Rules, comment on R. 4:46-2, at 1359-60 (1997). Along with language revisions to reflect the federal summary judgment standard *1028 as articulated in Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); see Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 538, 666 A.2d 146 (1995), certain "substantial changes in summary judgment procedure" were effected by R. 4:46-2(a) and (b). See Pressler, supra, comment on R. 4:46-2, at 1360. Among these were the duties placed on both movants and respondents attending the new requirement for a statement of material facts and response thereto.
(a) Requirements in Support of Motion. The motion for summary judgment shall be served with briefs, a statement of material facts and with or without supporting affidavits. The statement of material facts shall set forth in separately numbered paragraphs a concise statement of each material fact as to which the movant contends there is no genuine issue[.] * * * A motion for summary judgment may be denied without prejudice for failure to file the required statement of material facts.
(b) Requirements in Opposition to Motion. A party opposing the motion shall file a responding statement either admitting or disputing each of the facts in the movant's statement.... [A]ll material facts in the movant's statement which are sufficiently supported will be deemed admitted unless specifically disputed by citation... demonstrating the existence of a genuine issue as to the fact. An opposing party may also include in the responding statement additional facts that the party contends are material and as to which there exists a genuine issue.
It is of little consequence for the purposes of this appeal that defendants did not submit a statement of material facts with their summary judgment motion, because the denial of that motion is not before us. Defendants' failure to file a response to plaintiffs' statement in support of the cross-motion is significant, however. R.4:46-2(b) provides that when a moving party has submitted such a statement, including a recitation of material facts not in issue, the opposing party must directly address the cited facts to establish those which are controverted. In the absence of such an effort, the facts as stated by the movant "will be deemed admitted." These requirements bear directly on the questions before us. As plaintiffs' counsel noted to the motion judge at oral argument in the trial court, defendants did not address the statement of material facts submitted by plaintiffs, but concerned themselves solely with the question whether or not defendants' van qualified as an "automobile" pursuant to N.J.S.A. 39:6A-2a.
The consequence of defendants' failure to dispute any of the assertions in plaintiffs' statement of material facts is clearly prescribed by the rule. They "will be deemed admitted." R. 4:46-2(b). Included among these facts was the following: "[a]s [Theodoridis] approached the intersection of East Washington Avenue and Route 31, he saw plaintiffs' car directly in front of him stopped at the intersection", then "failed to control his vehicle," and thus "collide[d] with the rear end of plaintiffs' vehicle." Defendants not only omitted to deny this factual assertion of their liability, but they also failed to establish affirmatively in the manner prescribed by the rule that there was an issue of fact concerning the operation of plaintiffs' brake lights, a question which the motion judge deemed critical. If, as R. 4:46-2 contemplates, plaintiffs' assertion must be taken as admitted when defendants failed to establish any contrary contention by citation to the record, the trial court ruling denying summary judgment to plaintiff on liability must be seen as erroneous. With nothing affirmative advanced by defendants, there was no adequate basis in the record for the motion judge's conclusion that the condition of the Oldsmobile's brake light was an issue in the case.
The trial court's error in this regard may be established substantively, as well as procedurally. Summary judgment is to be granted if the moving party succeeds in showing
that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law. An issue of fact is genuine only if, considering the burden *1029 of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.

[R. 4:46-2(c).]
See also Brill, supra, 142 N.J. at 528-30, 540, 666 A.2d 146. The rule's summary judgment standard for a "genuine dispute" is understood to mirror the standards for determining whether a prima facie case has been made in applying R. 4:37-2(b), a motion for involuntary dismissal, and R. 4:40-1, a motion for judgment at trial. See Pressler, supra, comment on R. 4:46-2, at 1360.
Under the developed governing standard, a summary judgment motion continues to require "searching review" of the record on the part of the trial court to ascertain whether there is a genuine issue of material fact. Brill, supra, 142 N.J. at 541, 666 A.2d 146. The motion judge must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill, supra, 142 N.J. at 540, 666 A.2d 146. According to the Anderson articulation, specifically approved in Brill, summary judgment must be granted when the evidence "`is so one-sided that one party must prevail as a matter of law.'" Anderson v. Liberty Lobby, Inc., supra, 477 U.S. at 250, 106 S.Ct. at 2511, 91 L.Ed.2d at 213). This means that summary judgment cannot be defeated if the non-moving party does not "offer[] any concrete evidence from which a reasonable juror could return a verdict in his favor[.]" Id., 477 U.S. at 256, 106 S.Ct. at 2514, 91 L.Ed.2d at 217. The nonmovant has the "burden of producing in turn evidence that would support a jury verdict[,]" and must "set forth specific facts showing that there is a genuine issue for trial." Ibid. In other words, the nonmovant cannot sit on his or her hands and still prevail.[3]
Defendants' obligations on plaintiffs' cross-motion were critical, but they entailed a relatively undemanding burden which defendants made no effort to meet. Moreover, in the defense brief on appeal, the only argument advanced is that the trial court's ruling on appeal should not be upset "just because [the reviewing court] has a difference of opinion with it." No arguments are presented which respond in any way to plaintiffs' positions based upon the statement of material facts requirement of R. 4:46-2, or which deal with defendants' failure to discharge their R. 4:46-2(b) obligations on plaintiffs' motion. At no point is there any discussion of how the "weak" issue of fact located by the trial court in its scrutiny of the record should be allowed to affect the result.
That supposed issue of fact is no issue at all. Defendants, both in the trial court and on appeal, have failed to highlight any evidence in the record from which an inference may be drawn that plaintiffs' brake lights were not functioning properly. Theodoridis's negative response in depositions to the question "[d]id you see her brake lights on, did you notice?" with nothing further offered in this regard hardly suffices to create the issue which the motion judge saw to be dispositive. The possible "one percent negligence" referred to in the court's ruling denying plaintiffs' motion was no more than surmise. From what has been submitted by the parties, in the face of the only evidence on the issue that the brake lights were functioning *1030 after the rear-end collision, no rational jury could reason from Theodoridis's statement that he could not see or did not notice whether the Oldsmobile's brake lights were lit, that it was more likely than not the lights had malfunctioned at the instant of the collision and that plaintiffs were themselves negligent.
By reason of defendants' failure to discharge their obligations under R. 4:46-2, we reverse and remand for entry of an order granting plaintiffs' motion for summary judgment on liability and for further proceedings on the issue of damages.
NOTES
[1] Counsel for appellants appeared at the scheduled oral argument. Counsel for respondents did not appear. At the election of counsel for appellants, the matter has been submitted for decision without oral argument.
[2] Brill v. Guardian Life Ins. Co., 142 N.J. 520, 666 A.2d 146 (1995).
[3] This is no great departure from the standard enunciated in Judson v. Peoples Bank and Trust Co., 17 N.J. 67, 110 A.2d 24 (1954), which defined summary judgment practice for more than 40 years before Brill:

[I]f the opposing party offers no affidavits or matter in opposition, or only facts which are immaterial or of an insubstantial nature, a mere scintilla ... he will not be heard to complain if the court grants summary judgment, taking as true the statement of uncontradicted facts in the papers relied upon by the moving party, such papers themselves not otherwise showing the existence of an issue of material fact.
[Id. at 75, 110 A.2d 24.]
See also Pressler, supra, comment on R. 4:46-2, at 1360 ("[W]hile the 1996 version of the rule may make its application more uniform and more certain and may induce trial judges more readily to grant summary judgment than heretofore, nevertheless the underlying premise of the summary judgment practice may be regarded as not materially altered.").