**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2412-18T3

U.S. BANK, NATIONAL
ASSOCIATION, AS TRUSTEE
FOR THE EMC MORTGAGE
LOAN TRUST 2002-B, MORTGAGE
PASS-THROUGH CERTIFICATES
SERIES 2002-B,

     Plaintiff-Respondent,

v.

ALLYN M. PAOLICELLI,

     Defendant-Appellant,

and

MR. ALLYN M. PAOLICELLI,
husband of ALLYN M. PAOLICELLI,

     Defendant.

_____

     Submitted December 17, 2019 – Decided January 8, 2020

     Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-025587-17.

Allyn M. Paolicelli, appellant pro se.

McCalla Raymer Leibert Pierce, LLC, attorneys for respondent (Brian P. Scibetta and Charles H. Jeanfreau, on the brief).

PER CURIAM

In this contested mortgage foreclosure action, defendant Allyn M. Paolicelli appeals from the denial of her motion to dismiss the complaint, the entry of summary judgment striking her answer, and the subsequent final judgment. She contends the trial court erred in finding she was in default of her mortgage loan, that plaintiff U.S. Bank, National Association, as Trustee for the EMC Mortgage Loan Trust 2002-B, Mortgage Pass-Through Certificates, Series 2002-B had standing to foreclose her mortgage, that its predecessor had served her with a notice of intent to foreclose and in denying her objection to the entry of final judgment fixing the amount due. Our review of the record convinces us that none of those arguments is of sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E). Defendant admits that in November 1984, she executed and delivered a $63,000, thirty-year, variable rate note to the First National Bank of Toms River, secured

by a purchase money mortgage on her home in Lakewood. That bank failed in 1991, and the trial court properly took judicial notice of public information maintained by the Federal Deposit Insurance Corporation (FDIC), that the bank was thereafter operated as part of First Fidelity Bank, National Association, which later changed its name to First Union. See https://research2.fdic.gov/bankfind/ (search FDIC# 6499; then follow "First National Bank of Toms River" hyperlink; then click history) (last visited Dec. 23, 2019). In an allonge attached to the note, First Union assigned the note to EMC Mortgage Corporation, which subsequently assigned it to LaSalle Bank National Association as Trustee for Certificate Holders of EMC Mortgage Loan Trust 2002-B, Mortgage Loan Pass-Through Certificates, Series 2002-B. Following LaSalle's merger into Bank of America, N.A., plaintiff U.S. Bank acquired that bank's trust administration business. See U.S. Bancorp., Annual Report (Form 10-K) (Feb. 28, 2011), https://www.sec.gov/Archives/edgar/data/36104/000095012311019888/x59846 exv13.htm#C59846002 (See Page 20) (last visited Dec. 23, 2019).

Although plaintiff certified it held the original note at the time it filed its foreclosure complaint, and subsequently produced the original note for the court's inspection on summary judgment, it acknowledged it did not have a

recorded mortgage. A vice president of plaintiff's prior servicer, J.P. Morgan Chase Bank, National Association, submitted an "affidavit of missing or incomplete assignment," noting a gap in the chain of assignments between the recorded mortgage in favor of the First National Bank of Toms River and plaintiff, and concluding that the assignment(s) "either were never completed or, if completed, were never recorded" and could not now be obtained. Supporting that affidavit is a 2002 unrecorded assignment of mortgage from EMC to LaSalle as Trustee for Certificate Holders of EMC Mortgage Loan Trust 2002-B, Mortgage Loan Pass-Through Certificates, Series 2002-B, plaintiff's predecessor.

Defendant entered into a loan modification agreement with Chase in 2013, which established a new, loan principal balance of $59,137.97, of which $9700 would be deferred, leaving an interest-bearing principal balance of $49,437.97. Defendant agreed the interest-bearing principal balance would re-amortize to a remaining scheduled balance of $48,844.65 on the maturity date of December 1, 2014, when the deferred principal balance would also be due in full.

Defendant did not pay off the loan on the maturity date and Chase sent a notice of intent to foreclose to defendant at the property address on behalf of

4

plaintiff. When defendant did not cure the default, plaintiff instituted this action.

Following discovery, plaintiff moved for summary judgment presenting those facts by way of certification by an officer of Select Portfolio Servicing, Inc., plaintiff's current servicing agent, from her personal review of the servicer's business records. Defendant cross-moved to dismiss the complaint, contending plaintiff had not established her default, service of the notice of intent to foreclose, or its possession of the original note at the time it filed the complaint.

The judge found the certification in support of plaintiff's motion fully complied with the personal knowledge requirement of R. 1:6-6; see Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 599-600 (App. Div. 2011), and that plaintiff's possession of the original note prior to the filing of the complaint established its standing, see Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012). He concluded on the basis of plaintiff's proofs that it had established a prima facie case in foreclosure, see Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), and that defendant had offered no proof of her own to put plaintiff's timely possession of the original note, her payment default, or the service of

A-2412-18T3

the notice of intent to foreclose, in issue. He accordingly granted plaintiff's motion for summary judgment, striking defendant's answer and dismissed her cross-motion to dismiss the complaint.

Plaintiff subsequently moved to enter judgment without an assignment of mortgage, which the court granted over defendant's objection, finding plaintiff had demonstrated it was the holder of the note and the "intended assignee of the mortgage." The judge also rejected defendant's objections to plaintiff's proof of amount due, finding her objections general and unspecified. He also noted defendant had "not offered any evidence to suggest . . . plaintiff's records are unreliable or that the facts set forth in the motion for final judgment are inaccurate."

Defendant appeals, reprising the arguments she made to the trial court. Having considered defendant's arguments and reviewed the record on the motion, we affirm the judgment of foreclosure. As in the trial court, defendant offers nothing to challenge plaintiff's assertion that it was in possession of the original note, the one it produced in court on the return date on the summary judgment motion, at the time it filed its complaint. She does not contend she paid off the loan on its maturity date or that she was never served with plaintiff's notice of intent to foreclose.

A-2412-18T3

A properly supported summary judgment motion "cannot be defeated if the non-moving party does not 'offer[] any concrete evidence from which a reasonable [fact-finder] could return a verdict in his favor[.]'" Housel for Housel v. Theodoridis, 314 N.J. Super. 597, 604 (App. Div. 1998) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). As defendant offered nothing to allow a reasonable fact-finder to find in her favor, summary judgment was appropriately entered striking her answer. We find no error in the entry of final judgment on plaintiff's proofs.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2412-18T3