**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2169-22

PANTOS USA, INC.,

     Plaintiff-Respondent,

v.

MINDSINSYNC, INC., CHOICE
SELECT HOME TEXTILES, INC.,
IDEAS FROM THE GROUND UP,
INC., and 101 HOME TEXTILES
CREATIONS, INC.,

     Defendants-Appellants.

_____

Submitted March 19, 2024 – Decided April 4, 2024

Before Judges Mayer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-6008-19.

Genova Burns LLC, attorneys for appellants (Maria Fruci, of counsel and on the briefs; and Charu Mehta, on the briefs).

Lee, LLC, attorneys for respondent (Peter Y. Lee, of counsel and on the brief).

PER CURIAM

Defendants MindsInSync, Inc., Choice Select Home Textiles, Inc., Ideas From the Ground Up, Inc., and 101 Home Textile Creations, Inc. appeal from a March 7, 2023 order granting summary judgment to plaintiff Pantos USA, Inc. (Pantos). We affirm.

We recite the facts from the motion record before the trial court. Pantos provided "freight forwarding, logistics, and warehousing services" to defendants. In 2019, Pantos filed a complaint against defendants for breach of contract, unjust enrichment, quantum meruit, and breach of the covenant of good faith and fair dealing. In the complaint, Pantos alleged it provided services to defendants in 2018 and defendants failed to pay for those services.

In their answer, defendants denied executing a written contract with Pantos. Defendants also denied owing any money to Pantos for services rendered. As an affirmative defense, defendants asserted Pantos "fail[ed] to provide services in a satisfactory . . . [or] commercially reasonable manner and in accordance with the parties' agreement."

Pantos propounded interrogatories on defendants. When defendants failed to provide specific responses to those interrogatories, Pantos moved to suppress defendants' answer. In a June 21, 2022 order, the judge partially granted

Pantos's motion, instructing defendants to "provide more specific responses to outstanding discovery . . . within [twenty-one] days."

When defendants failed to comply with the June 21 order, Pantos again moved to suppress defendants' answer. In a September 9, 2022 order, the judge denied Pantos's motion without prejudice and extended the discovery end date to November 30, 2022. The order directed to defendants to "provide more specific responses to outstanding . . . discovery demands by September 30, 2022."

Because defendants failed to comply with the trial court's prior discovery orders, Pantos yet again moved to suppress defendants' answer. In a November 14, 2022 order, the judge suppressed defendants' answer. The judge found defendants failed to provide "any certification in response to the outstanding discovery responses required pursuant to the court's prior orders." The judge also allowed defendants to vacate the November 14 order upon "comply[ing] with the foregoing [c]ourt orders and provid[ing] certified responses to outstanding discovery."

Defendants eventually provided responses to Pantos's interrogatories in accordance with the court's orders. In the supplemental responses, defendants provided exhibits purporting to support their affirmative defenses, including

unreasonable increases in freight costs, delayed deliveries, and improper deliveries.

About a month after providing discovery responses, defendants moved to vacate the November 14, 2022 order and reinstate their answer. The judge granted defendants' motion.

On January 13, 2023, Pantos moved for summary judgment. In support of the motion, Pantos submitted a certification from its chief financial officer, Jongwoong Park. Park certified Pantos and defendants "entered into an agreement in 2018 whereby [Pantos] provided logistics, freight forwarding and other shipping services to or for . . . [d]efendants." Park further certified, "[t]he parties agreed to certain terms and conditions, including [d]efendants' requirement to pay for services rendered once [Pantos] billed them same."

Park also certified Pantos "rendered all services ordered and purchased by . . . [d]efendants," but defendants "ha[d] not paid in full for such services." An invoice list, stating the customer name, invoice number, invoice date, and amount owed for twenty-seven separate unpaid invoices, totaling $337,214.95, was annexed to Park's certification.

Defendants opposed Pantos's motion for summary judgment. Defendants denied the existence of a 2018 "written agreement," but admitted Pantos

"provided certain freight forwarding, logistics, and warehousing services to . . . [d]efendants on a per-delivery basis." Defendants also countered Pantos was not entitled to payment for the twenty-seven invoices identified in Park's certification because Pantos "unreasonabl[y] increase[d] . . . freight costs," "delayed deliveries," and "improperly took deliveries that were not assigned to it."

In support of their opposition to summary judgment, defendants submitted a certification from Iain Scorgie, an officer affiliated with each defendant. In his certification, Scorgie denied the existence of a 2018 agreement and asserted Pantos "would provide . . . [d]efendants with quotes for individual deliveries and . . . [d]efendant[s] would either accept or decline those quotes." Scorgie also made the following claims: "there was never a meeting of the minds as to the rates that would be charged"; "there were issues with timely delivery of goods"; and "there were several occasions when employees of [Pantos] went to [] [d]efendants' factories and picked up goods without specific authorization[,] then charged . . . [d]efendants based upon quotes that were never previously approved."

In a March 7, 2023 order and attached rider, the judge granted Pantos's motion for summary judgment and entered judgment against defendants in the aggregate amount of $337,214.95.  The judge found:

> [T]here is no controverted fact concerning whether [d]efendants received the subject goods and services rendered by [Pantos].  Although [d]efendants assert there was no agreement with certain terms and conditions, the court finds that [d]efendants do not dispute the validity of the twenty-seven invoices, nor the alleged amount owed.  Viewing the facts in the light most favorable to [d]efendants, the court concludes that [d]efendants have not demonstrated the existence of any disputed genuine issue of material fact warranting denial of [Pantos]'s motion . . . .
>
> The court finds that [d]efendants have merely provided bare conclusions alleging unreasonable increases in freight costs; delayed deliveries; and/or [Pantos] improperly [taking] deliveries that were not assigned to it which does not establish the existence of a genuine issue of material fact . . . .  Despite the fact that [Pantos] did not depose [d]efendants' representatives, the court finds that [d]efendants have not provided any factual evidence to sustain the affirmative defenses raised in [d]efendants' answer.  Defendants have failed to show controverting facts and failed to discharge their duty to establish the existence of a genuine issue of material fact . . . .  Summary judgment is warranted here.

On appeal, defendants assert there were genuine issues of material fact that precluded the entry of summary judgment.  Additionally, defendants claim the judge erred in failing to further extend discovery.  We reject these arguments.

6

We first consider defendants' argument that the judge erred in granting summary judgment to Pantos. Defendants contend Pantos failed to establish the existence of a contract and they raised genuine issues of material fact in opposition of summary judgment.

We review a trial judge's grant of a motion for summary judgment de novo, applying the same standard as the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Ibid. (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).

Rule 4:46-2(c) provides that a motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." The trial court must "determine whether there is a genuine issue for trial." Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill, 142 N.J. at 540).

A-2169-22

A "party opposing [a summary judgment] motion shall file a responding statement either admitting or disputing each of the facts in the movant's statement." R. 4:46-2(b). "[A]ll material facts in the movant's statement which are sufficiently supported will be deemed admitted for purposes of the motion . . . unless specifically disputed by citation [to the motion record] . . . demonstrating the existence of a genuine issue as to the fact." Ibid.

"[S]ummary judgment cannot be defeated if the non-moving party does not 'offer[] any concrete evidence from which a reasonable juror could return a verdict in his favor[.]'" Housel v. Theodoridis, 314 N.J. Super. 597, 604 (App. Div. 1998) (alterations in original) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). The non-moving party "has the 'burden of producing . . . evidence that would support a jury verdict[,]' and must 'set forth specific facts showing that there is a genuine issue for trial.'" Ibid. (alteration in original) (quoting Anderson, 477 U.S. at 256).

To prevail on a claim for breach of contract, a plaintiff must prove: (1) "the parties entered into a contract containing certain terms"; (2) "plaintiff[] did what the contract required [plaintiff] to do"; (3) "defendants did not do what the contract required them to do"; and (4) "defendants' breach, or failure to do what the contract required, caused a loss to the plaintiff[]." Goldfarb v. Solimine, 245

N.J. 326, 338-39 (2021) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 482 (2016)).

Here, Pantos alleged specific facts in support of its motion for summary judgment on the breach of contract claim. Pantos submitted a certification that it delivered services to defendants and billed defendants for those services pursuant to a 2018 agreement. Pantos further certified each defendant owed money for the services identified in the invoice list attached to Park's certification. Pantos established defendants failed to object to the services rendered or the invoices sent. Thus, the Park certification and annexed exhibit stated facts in support of Pantos's breach of contract claim.

In responding to Pantos's statement of material facts, defendants referred to Scorgie's certification and its "certified supplemental answers to interrogatories." However, Scorgie's certification simply stated, "[d]uring the course of discovery, [he] provided documentation corroborating . . . defenses" asserted by defendants. Scorgie failed to annex any documents supporting those defenses to his certification in opposition to summary judgment, as required under Rule 4:46-2(b).

Although defendants denied there was a written agreement, they did not dispute the existence of an oral agreement. Defendants also admitted Pantos

9

provided shipping services on a per-delivery basis. Further, while defendants claimed Pantos failed to provide certain services, delayed deliveries, increased the costs of services without notice, and improperly made deliveries not assigned to it, defendants never provided evidence connecting these defenses to the twenty-seven deliveries identified in the Pantos invoice list.

In opposing summary judgment, defendants also asserted Pantos failed to depose Scorgie, depriving them of an opportunity to establish their affirmative defenses. However, defendants had more than ample opportunity during the course of the litigation to present evidence in opposition to summary judgment but failed to do so. Moreover, Scorgie was an officer associated with all four defendants. Nothing precluded defendants from submitting a detailed supporting certification from Scorgie, or another officer, providing evidence to establish their affirmative defenses.

Because defendants failed to identify specific deliveries not made by Pantos, deliveries provided at "unreasonable" costs, unauthorized deliveries, or delayed deliveries, defendants failed to demonstrate any genuine disputed facts to preclude the entry of summary judgment. Thus, the judge properly granted summary judgment on the breach of contract claim.

A-2169-22

We next consider defendants' argument that the judge erred in failing to extend the discovery end date upon reinstating their answer. Defendants contend the judge should have tolled the discovery period while their answer was suppressed. We disagree.

We review a trial judge's discovery orders for abuse of discretion. Castello v. Wohler, 446 N.J. Super. 1, 24 (App. Div. 2016) (citing Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)). An abuse of discretion "arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Ibid. (internal quotation marks omitted) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Defendants could have filed a motion to extend discovery under Rule 4:24-1(c) in association with their motion to reinstate their answer. Defendants did not do so. Nor did defendants cite any court rule or case law obligating a motion judge to sua sponte extend discovery, particularly in cases such as this where at least one discovery extension was granted.[1]

---

[1] We note defendants rely on an unpublished case in support of their argument on this point. However, "[n]o unpublished opinion shall constitute precedent or be binding upon any court." R. 1:36-3.

A-2169-22

Additionally, defendants failed to identify what additional discovery was required to oppose Pantos's motion for summary judgment. "'[S]ummary judgment is not premature merely because discovery has not been completed, unless' the non-moving party can show 'with some degree of particularity the likelihood that further discovery will supply the missing elements of the cause of action.'" Friedman v. Martinez, 242 N.J. 449, 472-73 (2020) (quoting Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 555 (2015)). While a non-moving party is entitled to the benefit of all favorable inferences in opposing summary judgment, a non-moving party's bare conclusions without factual support by way of a proper certification or affidavit shall not defeat a summary judgment motion. R. 4:46-5(a). "Competent opposition requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'" Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (quoting Hoffman v. Asseenontv.com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009)).

Here, defendants had ample time for discovery. In denying Pantos's first motion to suppress defendants' answer, the judge expressly extended the discovery. Further, defendants failed to identify any specific evidence they anticipated would be provided through additional discovery. Moreover, information supporting defendants' affirmative defenses could have been

obtained from defendants' officers or employees. Therefore, defendants did not need to rely on Pantos serving deposition notices to assert facts in support of their affirmative defenses and in opposition to summary judgment. Under the circumstances, we are satisfied the judge did not abuse his discretion in deciding the summary judgment motion without allowing additional discovery.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2169-22