**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0512-24

WELLS FARGO BANK, NA,
AS TRUSTEE FOR
CARRINGTON MORTGAGE
LOAN TRUST, SERIES
2006-NCI ASSET-BACKED
PASS-THROUGH CERTIFICATES,

    Plaintiff-Respondent,

v.

GLENN L. BROWN,

    Defendant-Appellant,

and

THERESA A. BROWN,
BENEFICIAL NEW JERSEY
INC. d/b/a BENEFICIAL
MORTGAGE CO., FIRST
AMERICAN TITLE
INSURANCE COMPANY,
STEWART TITLE
GUARANTY COMPANY,
MIDLAND FUNDING LLC,
UNITED STATES OF AMERICA,
BOARD OF TRUSTEES ROOFERS
LOCAL NO 30 COMBINED

WELFARE FUND,

     Defendants.

_____

Submitted October 30, 2025 – Decided January 9, 2026

Before Judges Mawla and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. F-012971-22.

Glenn L. Brown, self-represented appellant.

Hill Wallack LLP, attorneys for respondent (Mark A. Roney, of counsel and on the briefs; Daniel R. Kaschak, on the briefs).

PER CURIAM

In this residential mortgage foreclosure action, defendant Glenn L. Brown challenges four orders entered by the Chancery Division: (1) the September 12, 2024 order entering final judgment; (2) the August 16, 2024 order denying his motion to fix the amount due; (3) the February 2, 2024 order granting summary judgment in favor of plaintiff Wells Fargo Bank, NA, as trustee for Carrington Mortgage Loan Trust, Series 2006-NCI Asset-Backed Pass-Through Certificates as to the amended complaint; and (4) the September 22, 2023 order granting summary judgment in favor of Wells Fargo Bank. We affirm all orders.

2

## I.

In October 2005, Brown and his now ex-wife Theresa A. Brown executed a mortgage with Argo Mortgage & Investment Inc. and serviced by Carrington for their home in Ewing, also identified as Trenton in the record. Six months later, they executed a home equity line of credit (HELOC) mortgage with Champion Mortgage, a Division of KeyBank National Association. This mortgage was assigned in January 2007 to Beneficial New Jersey, Inc. d/b/a Beneficial Mortgage Co.

In October 2014, Argo assigned the mortgage to Wells Fargo Bank. Four years later, Brown and Carrington executed a final loan modification agreement, which reflected a then-principal balance of $328,767.83.[1] Brown made his last payment on the loan in June 2020.

Brown failed to make the mortgage payment due on July 1, 2020, and Wells Fargo subsequently declared both Brown and Theresa in default. The Browns were each individually served with a notice of intent to foreclose—

---

[1] Theresa is not a party to this appeal. Intending no disrespect, we reference her by her first name because she shares a surname with her ex-husband. In the final judgment of divorce entered in June 2014, Brown was directed to remove Theresa from the mortgage and deed to the Ewing property by a refinanced mortgage or loan modification within 120 days and would have sole ownership contingent on the new financing. The appendix does not contain a deed evidencing Brown's sole ownership of the Ewing property.

A-0512-24

including a tracking number—by both regular and certified mail at the Ewing property. Wells Fargo then filed a complaint in December 2022. Brown filed an answer denying the allegations and asserting various affirmative defenses.

Wells Fargo moved for summary judgment and requested the court strike Brown's answer and defenses and return the matter to the Office of Foreclosure to proceed as an uncontested matter. Brown cross-moved to dismiss the complaint, disputing the loan was in default, challenging the assignment of the mortgage, and contesting the service of the notice of intent to foreclose. In support of his position, Brown relied on the tracking information to show the notices had been mailed but did not show delivery.

After hearing argument, the court granted Wells Fargo's motion for summary judgment. In its oral opinion, it explained "the only material issue[s] with a foreclosure proceeding are the validity of the mortgage, the amount of indebtedness, and the right of the mortgagee to resort to the mortgage premises." The court determined Wells Fargo had established a prima facie case on all three elements, because there were no genuine disputes as to any material fact. A memorializing order was entered.

The court denied Brown's cross-motion to dismiss. At the outset, it noted the cross-motion was procedurally deficient. As to the merits of the cross-

A-0512-24

motion, the court reasoned "[p]ersonal service was not necessary" and there was "enough evidence" in the record to show mailing the notice was adequate.

Brown raises two arguments on appeal for our consideration. He first argues the trial court erred in finding Wells Fargo served him with the notice of intent to foreclose. Brown next argues the court erred in granting summary judgment and in denying his cross-motion to dismiss the foreclosure complaint. These arguments advanced on appeal closely mirror, and essentially reiterate, those presented to the trial court.

We review the trial court's grant of a motion for summary judgment de novo. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). Under that standard, the court must "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). Thus, "[s]ummary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S.

A-0512-24

317, 323-24 (1986)).  Courts must give the non-moving party "the benefit of the most favorable evidence and most favorable inferences drawn from that evidence." Est. of Narleski v. Gomes, 244 N.J. 199, 205 (2020) (quoting Gormley v. Wood-El, 218 N.J. 72, 86 (2014)).

Having reviewed the record, we reject Brown's contention Wells Fargo violated the Truth in Lending Act, 15 U.S.C. §§ 1601 to 1667f.  The competent evidence in the summary judgment record establishes he was properly served with a notice of intent to foreclose by regular and certified mail.  Carrington's vice president of collateral operations expressly stated, based on his personal review of records maintained in the regular course of business, the notice of intent was sent by regular and certified mail, return receipt requested.  The statute requires only that the notice of intent be mailed by certified mail, return receipt requested; actual receipt or proof of delivery is not necessary.  EMC Mortg. Corp. v. Chaudhri, 400 N.J. Super. 126, 140 (App. Div. 2008).  Additionally, neither the notice sent by regular nor the certified mail was returned.  Moreover, the tracking information "[did] not 'offer[] any concrete evidence from which a reasonable [fact-finder] could return a verdict in his favor[.]'"  Housel v. Theodoridis, 314 N.J. Super. 597, 604 (App. Div. 1998) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1985)).

A-0512-24

The unrebutted evidence in the record shows the mortgage secured the payment of the note, Brown received Wells Fargo's notices of intent to foreclose, and there was a default under the note entitling Wells Fargo to foreclose under the mortgage. There is no competent evidence in the record from which a reasonable fact-finder could decide in favor of Brown. Accordingly, we conclude the entry of summary judgment was appropriate.

Additionally, we decline to address the two additional arguments improperly raised for the first time in Brown's reply brief—Wells Fargo failed to file a statement of material facts and its certification did not reference the notice of intent to foreclose submitted in support of its second motion for summary judgment. We generally do not consider claims or arguments asserted for the first time in a party's reply brief. Accordingly, we decline to address this argument, as it was not properly presented. See Bacon v. N.J. State Dep't of Educ., 443 N.J. Super. 24, 38 (App. Div. 2015).

To the extent that we have not addressed Brown's remaining arguments, we conclude that they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hartley

Clerk of the Appellate Division

7

A-0512-24