**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3320-22

BAHMAN KHASHAYAR,

  Plaintiff-Appellant,

  v.

LBI REALTY, LBI REALTY TWO,
PARKVIEW VILLAGE, VILLA
NOVA, LAWRENCE LEFF (Partner),
DAVID BELLICHA, and COLEMAN
LEFF (Partner),

      Defendants-Respondents,

and

ELISE CREIGHTON, ANGEL L.
RODRIGUEZ, and RODRIGUEZ JR.,

      Defendants.

_____

Submitted December 12, 2024 – Decided February 5, 2025

Before Judges Natali and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-1071-22.

Bahman Khashayar, appellant pro se.

Hoagland, Longo, Moran, Dunst & Doukas, LLP, and Goetz, Schenker, Blee & Wiederhorn, LLP, attorneys for respondents 2-18 Realty (improperly pled as LBI Realty and LBI Realty Two), Lawrence Leff, David Bellicha, and Coleman Leff (Richard J. Mirra and Andrew M. Lusskin, of counsel and on the brief).

PER CURIAM

Plaintiff Bahman Khashayar challenges a May 18, 2023 Law Division order which granted summary judgment to defendants 2-18 Realty (improperly pled as LBI Realty and LBI Realty Two), Lawrence Leff, David Bellicha, and Coleman Leff (collectively, defendants), and dismissed plaintiff's thirteen-count complaint alleging breach of contract and various negligence and intentional-based tort claims arising from the parties' former landlord-tenant relationship. Having considered the record against the applicable legal principles, we affirm in part, reverse and vacate in part, and remand for further proceedings.

I.

We begin by reviewing the facts in the motion record, viewing them in a light most favorable to plaintiff, the non-moving party. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). This action arose from a landlord-tenant relationship between plaintiff and defendants which originated in a November 9, 2004 lease for residential property located in Roselle. Defendants

2                                                                 A-3320-22

LBI Realty, LBI Realty Two, and Parkview Village are trade names used by 2-18 Realty, the entity which owns the leased property, defendant Lawrence Leff is the owner of 2-18 Realty, and David Bellicha is the property manager.[1]

On November 9, 2004, plaintiff and Parkview Village entered a one-year lease agreement in which plaintiff agreed to pay $750 per month by the first of each month, with a $30 late charge for any payment more than ten days late. The lease also provided plaintiff could continue to rent the unit "on a month-to-month basis (with the rest of the [l]ease remaining the same)" if defendants changed the lease term at its expiration. As no further leases were provided in the record, it appears the parties operated on a month-to-month basis following the end of the first year's lease. At some point, plaintiff's rent increased, and as of December 1, 2020, plaintiff was paying $950 per month.

On December 9, 2020, defendants LBI Realty and Parkview Village filed an eviction complaint in the Union County Special Civil Part (the landlord-tenant action), alleging plaintiff failed to pay rent from October through

---

[1] The record is unclear as to Villa Nova's role in the tenancy action or plaintiff's Law Division complaint. Further, although there is some dispute as to defendant Coleman Leff's ownership interest in LBI Realty, LBI Realty Two, and Parkview Village, that dispute is irrelevant to our disposition of the issues presented in this appeal. Finally, defendants Elise Creighton, Angel L. Rodriguez, and "Rodriguez Jr.," defaulted below and have not participated in the proceedings before us.

December 2020, and owed $7,387.54, including $4,167.16 in arrears from previous months. In support, they submitted the certifications of Laurence Leff,[2] who stated plaintiff "failed to pay rent now due and owing in this matter," and of defendant Bellicha, who separated the amounts claimed between rent, legal fees, and costs.

Following extensive litigation and negotiations, the parties resolved the case on January 20, 2022, under the following terms: plaintiff consented to a judgment for possession in defendants' favor, agreed to pay $6,950 on a specific schedule, representing rent from February 1, 2022, to August 31, 2022, and agreed to move out of the premises by August 31, 2022, while defendants agreed to waive their claims for back rent. Notably, the parties' agreement also specifically permitted, in the event of plaintiff's failure to make all of the aforementioned payments, defendants to "file a certification stating when and what the breach was and that the warrant of removal can then be executed upon, as permitted by law, prior to the agreed upon move out date." The court entered a judgment for possession by consent the same day.

---

[2] Laurence Leff, not to be confused with defendant Lawrence Leff, was defendants' attorney in the landlord-tenant action.

On February 7, 2022, defendants sought a warrant of removal. In support, they submitted a second certification of Lawrence Leff which stated plaintiff failed to make the first payment due February 1, 2022. Plaintiff objected and moved to dismiss, contending defendants refused to accept his payment pursuant to the agreement.

Defendants moved to reinstate the action, arguing it was improperly dismissed on February 25, 2022, and although no order is contained in the record, we assume the application was granted as the matter proceeded and the parties entered another agreement on March 7, 2022, in which, among other terms, plaintiff again agreed to vacate the property by August 31, 2022, and pay defendants $6,950. The court approved the parties' agreement, which also included a provision that the court release any funds paid to it.

Defendants sought a warrant of removal on September 1, 2022. In support of their request, defendants submitted additional certifications of Lawrence Leff and Bellicha stating plaintiff did not move out of the property by August 31, 2022. The court issued the warrant of removal on September 14, 2022.

While the landlord-tenant action was pending, and apparently in lieu of asserting Marini defenses,[3] plaintiff filed a nine-count complaint in the Law Division on March 29, 2022, in which he alleged defendants:

> (1) breached the lease by not providing "the reasonable care, maintenance, repair, safety, security, and service" contemplated therein;
>
> (2) breached the fiduciary duty owed him under the lease by "ignoring the necessary corrective and preventative maintenance, repairs, cleanups, by filing [a] willfully false complaint against the [p]laintiff, and by ignoring to take [sic] all necessary actions to provide a reasonably safe, secure, and habitable environment for the [p]laintiff";
>
> (3) breached the implied covenant of good faith and fair dealing "by failing to take actions that they should have and/or by taking actions that harmed, disturbed, discomforted, harassed, endangered, and imposed unhealthy and/or hazardous conditions and environment on the [p]laintiff" and "by filing a willful false and baseless complaint against the [p]laintiff";
>
> (4) knowingly misrepresented "the existing issues, imminent malfunctions, health hazard problems, and portending deficiencies within their building that would affect the service and/or pose a health risk to the [p]laintiff";

---

[3] Tenants can assert an entitlement to a partial or total rent abatement for the period in which habitability issues remain unresolved after the landlord is given notice and an opportunity to cure the defects. See Marini v. Ireland, 56 N.J. 130, 146 (1970).

(5) negligently failed to maintain the property or to protect plaintiff's property from "wrongful actions by others";

(6) negligently managed the property;

(7) engaged in "legal harassment" by making "knowing and willful false certification[s]" to the court in the landlord-tenant action;

(8) improperly damaged plaintiff's credit by filing a "willfully false" complaint in the landlord-tenant action; and

(9) inflicted emotional distress upon plaintiff.

Plaintiff's two negligence claims (counts five and six) contained several components. In count five, plaintiff alleges defendants failed to (1) take appropriate action to protect tenants' property from third parties' theft and/or vandalism, (2) ensure leased units had proper water and heat, and (3) maintain plumbing and waste disposal, all of which plaintiff claims he "repeatedly informed [defendants of] orally, in writing, and in person . . . ." In count six, plaintiff also avers despite repeated requests, defendants failed to (1) install security cameras in response to "repeated incidents" of vandalism and property theft; (2) prevent third parties from committing crimes on the property such as harassment, theft, vandalism, and harming tenants' pets; and (3) properly maintain the parking lot.

A-3320-22

Plaintiff sought damages for his "actual loss . . . actual expenses . . . [c]ompensation of credit and related expenses . . . emotional distress," as well as "[c]osts and expenses of litigation" and "[s]tatutory, treble[,] and/or [p]unitive damages." He later amended the complaint twice on May 9, 2022 and June 8, 2022. The May 9 amendment added count (ten), which alleged defendants "applied wood polish, paint, and other toxic substances" in the apartment directly below plaintiff's and "deliberately and persistently refused to aerate" plaintiff's unit, to "intentionally expose the [p]laintiff and his family to the toxic fumes, and to intentionally impose health risk on the [p]laintiff and his family."

The June 8 amendment joined as defendants plaintiff's neighbors, Elise Creighton, Angel L. Rodriguez, and Rodriguez Jr.,[4] who occupied the apartment below him, and added additional counts against them and defendants. Specifically, plaintiff alleged defendants:

> (11) "allowed and/or arranged for" Creighton, Rodriguez, and Rodriguez Jr., who defendants knew to "smoke heavily their drugs and cigarettes inside their residence," to occupy the apartment below plaintiff's to "knowingly harass, disturb, intoxicate, poison, and to torture the [p]laintiff and his family"; and
>
> (12) knowingly and intentionally breached their "moral obligations and ethical duties" to protect plaintiff and

---

[4] We refer to defendant Rodriguez Jr. only by his surname, as that is how it is pled, and because his full name does not appear in the record.

his family from Creighton, Rodriguez, and Rodriguez Jr.'s "sickening drugs and smoking."

Count thirteen involved claims against only Creighton, Rodriguez, and Rodriguez Jr., who, as noted, defaulted. Plaintiff again sought to amend his complaint to add claims for "illegal and unauthorized entry into the [p]laintiff's premises; . . . theft and disposition and destruction of the [p]laintiff's properties; and . . . holding and refusing to return the [p]laintiff's money (security deposit plus all accrued interest for and during the past [e]ighteen . . . years)." The court denied plaintiff's third request to amend in a February 9, 2023 order because it found to permit such an amendment would be futile as "the claims d[id] not have merit and would be dismissed under R[ule] 4:6-2." Plaintiff has not challenged this order before us.

On March 17, 2023, defendants moved for summary judgment primarily arguing plaintiff's claims were precluded by the preclusive doctrines of res judicata and collateral estoppel. They maintained these claims were previously litigated and resolved, or could have been addressed, in the landlord-tenant action.

In support of their summary judgment motion, defendants submitted a statement of facts, consisting of ten paragraphs, all of which describe nothing more than the procedural history of the landlord-tenant action and the instant

matter. Defendants also submitted, among other things, copies of (1) the lease agreement, (2) the judgment for possession and warrant of removal, and (3) the aforementioned second certification of defendant Lawrence Leff filed in the landlord-tenant action.

Plaintiff opposed the application and maintained the landlord-tenant action did not resolve the issues raised, and regardless, material factual issues precluded summary judgment. In support, he submitted a detailed certification along with copies of several checks purporting to show he had paid rent for October through December 2020. He also submitted numerous photos apparently showing trees being cut and damage to the property, and police reports regarding his interactions with Creighton, Rodriguez, and Rodriguez Jr. Plaintiff also moved to extend discovery by 180 days on April 11, 2023, noting the parties had not exchanged any discovery.

After considering the parties' written submissions and oral arguments, the court entered an order on May 18, 2023 that granted defendants' applications and dismissed plaintiff's complaint with prejudice and also issued a written opinion explaining the bases for the court's dismissal order. Without addressing defendants' arguments regarding the preclusive doctrines of res judicata and collateral estoppel, the court first found plaintiff failed to submit competent

10

evidence creating a genuine issues of material fact as required by Rule 4:46-2 and Brill.

With respect to count one in which plaintiff alleged breach of contract, the court further found it was "[p]laintiff, not [d]efendants, [that] breached the lease" as demonstrated by defendants' submitted account ledger "show[ing] that [p]laintiff failed to pay rent on multiple occasions going back several years or did not pay the full amount." It also relied on the fact the court granted a warrant of removal in the landlord-tenant action.

The court also concluded plaintiff's second count, in which he generally alleged defendants breached their fiduciary duties, was unsupported by the law or facts after finding "the relationship between the parties . . . does not give rise to a fiduciary relationship." Similarly, the court rejected plaintiff's claims that the motion record established a genuine and material question of fact regarding defendants' alleged breach of the implied covenant of good faith and fair dealing because any assertion defendants filed a "false and baseless complaint in the landlord[-]tenant action" was factually unsupported. The court further found defendants' landlord-tenant action was "was not baseless or false as a warrant for removal was issued by the [c]ourt after [d]efendants submitted the required certifications."

As to counts four through ten, the court concluded plaintiff simply failed to present "competent evidence to sustain those claims." Specifically, relying upon Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 425-26 (App. Div. 2009), it noted a "party does not create a genuine issue of fact simply by offering a sworn statement," and explained "conclusory and self-serving assertions in certifications without explanatory or supporting facts will not defeat a meritorious motion for summary judgment."

The court further explained plaintiff merely "submitted pictures in opposition without context regarding how they relate to the [c]omplaint" and failed to include any citation to the record contrary to Rule 4:46-2(b). It also explained the police reports plaintiff submitted were "irrelevant" as to the moving defendants as they involved plaintiff's disputes with Creighton, Rodriguez, and Rodriguez Jr. The court did not make any findings of fact or conclusions of law as to counts eleven and twelve. On June 23, 2023, the court also denied as moot plaintiff's pending discovery application in light of its summary judgment order. This appeal followed.

II.

Before us, plaintiff argues the court erred by granting defendants' summary judgment application, which he asserts was "solely based on the

12

[d]efendants' invalid statement of a previous adjudication of the matters (of this [b]reach of [c]ontract lawsuit) by another court," specifically in the landlord-tenant action. He contends defendants "have stated as 'fact' that the [Special Civil Part in the landlord-tenant action] . . . adjudicated all the cause[s] of action[] of this breach of contract lawsuit," a position which he maintains "has no factual basis and is contradictory to the court system by division and competency, and is therefore invalid." Plaintiff argues the court incorrectly applied res judicata and/or collateral estoppel when granting defendants' application.

Plaintiff further maintains his specific denials of defendants' statement of material facts demonstrate the existence of contested factual issues. He argues his claims were "well supported by the evidential material presented . . . or at the very minimum . . . sufficiently suggest[ed his] cause[s] of action." Plaintiff additionally contends the court's summary judgment order was "against the interest of justice" because discovery was incomplete.

We have reviewed the record under our de novo standard of review, and conclude the court properly granted summary judgment with respect to counts one through three, and we affirm substantially for the reasons expressed in its May 18, 2023 written decision. We also conclude the court properly granted

13                                                    A-3320-22

summary judgment with respect to count seven. We reverse and remand, however, with respect to counts four through six and eight through twelve as defendants failed to properly support their application for summary judgment, contrary to Rule 4:46-2(a). Finally, we vacate the court's June 23, 2023 order denying plaintiff's discovery application as moot as the court's decision was dependent upon its summary judgment decision which we have reversed in part.

III.

We review the disposition of a summary judgment motion de novo, applying the same standard used by the motion judge. Townsend v. Pierre, 221 N.J. 36, 59 (2015). Like the motion judge, we view "the competent evidential materials presented . . . in the light most favorable to the non-moving party, [and determine whether they] are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting Brill, 142 N.J. at 540). "Summary judgment is appropriate if 'there is no genuine issue as to any material fact' and the moving party is entitled to judgment 'as a matter of law.'" C.V. v. Waterford Twp. Bd. of Educ., 255 N.J. 289, 305 (2023) (quoting R. 4:46-2(c)). "'[C]onclusory and self-serving assertions' in certifications without explanatory or supporting facts will not defeat a meritorious motion for summary judgment."

Hoffman, 404 N.J. Super. at 425-26 (quoting Puder v. Buechel, 183 N.J. 428, 440 (2005)).

In reviewing a summary judgment record, we limit our findings of fact to those facts properly presented in accordance with Rule 4:46-2. The Rule provides:

> [A] party moving for summary judgment is required to submit a "statement of material facts," which must "set forth in separately numbered paragraphs a concise statement of each material fact as to which the movant contends there is no genuine issue together with a citation to the portion of the motion record establishing the fact or demonstrating that it is uncontroverted."
>
> [Claypotch v. Heller, Inc., 360 N.J. Super. 472, 488 (App. Div. 2003) (quoting R. 4:46-2(a)).]

A moving party's citation to the motion record "shall identify the document and shall specify the pages and paragraphs or lines thereof or the specific portions of exhibits relied on" in support of each statement of material facts. R. 4:462(a).

"[A]ll material facts in the movant's statement which are sufficiently supported will be deemed admitted for purposes of the motion only, unless specifically disputed by citation conforming to the requirements of paragraph (a) demonstrating the existence of a genuine issue as to the fact." R. 4:46-2(b). "[A] party opposing a motion for summary judgment [must] 'file a responding

15

statement either admitting or disputing each of the facts in the movant's statement.'" Claypotch, 360 N.J. Super. at 488 (quoting R. 4:46-2(b)).

Rule 4:46-2's requirements are "critical" but "entail[] a relatively undemanding burden." Housel v. Theodoridis, 314 N.J. Super. 597, 604 (App. Div. 1998). They are "designed to 'focus [a court's] . . . attention on the areas of actual dispute' and 'facilitate the court's review' of the motion." Claypotch, 360 N.J. Super. at 488 (quoting Pressler & Verniero, Current N.J. Court Rules, cmt. 1.1 on R. 4:46-2 (2003)). A court must decide a motion for summary judgment based only on the "factual assertions . . . that were . . . properly included in the motion [for] and [in opposition to] . . . summary judgment" pursuant to Rule 4:46-2. Kenney v. Meadowview Nursing & Convalescent Ctr., 308 N.J. Super. 565, 573 (App. Div. 1998); see also Lombardi v. Masso, 207 N.J. 517, 549 (2011) (Rivera-Soto, J., dissenting) (stating a trial court must decide a summary judgment motion "[b]ased on the Rule-defined, specifically tailored summary judgment record before it").

Applying these principles, and our de novo review of the record, we conclude defendants failed to properly support their summary judgment motion with respect to counts four through six and eight through twelve. Unlike counts one through three and seven, defendants failed to satisfy their initial burden

under <u>Rule</u> 4:46-2(a), which demands they "set forth in separately numbered paragraphs a concise statement of each material fact as to which the movant contends there is no genuine issue together with a citation to the portion of the motion record establishing the fact or demonstrating that it is uncontroverted." As noted, the only evidence defendants offered in support of their application was the certification of counsel and certain documents related to the landlord-tenant action. Defendants did not submit any competent affidavit or certification from an individual with knowledge of relevant facts as to the remaining counts, nor did they provide any citations to any competent evidential materials related to counts four through six and eight through twelve. <u>See, e.g.</u>, <u>Gonzalez v. Ideal Tile Importing Co., Inc.</u>, 371 N.J. Super. 349, 358 (App. Div. 2004), <u>aff'd</u>, 184 N.J. 415 (2005) ("Even an attorney's sworn statement will have no bearing on a summary judgment motion when the attorney has no personal knowledge of the facts asserted."); <u>Cafferata v. Peyser</u>, 251 N.J. Super. 256, 263 (App. Div. 1991) (attorney's certification containing facts beyond his personal knowledge was "gross hearsay and a clear violation of <u>R.</u> 1:6-6"); Pressler & Verniero, cmt. on <u>R.</u> 1:6-6 ("Affidavits by attorneys of facts not based on their personal knowledge but related to them by and within the primary knowledge of their clients constitute objectionable hearsay.").

Rather, defendants relied solely upon legal arguments such as plaintiff's claims being barred by the preclusive doctrines of res judicata and collateral estoppel, or that plaintiff failed to plead properly a cause of action in his complaint. We need not address whether plaintiff's claims were barred by the preclusive doctrines of res judicata and collateral estoppel based on the court's adjudication in the landlord-tenant action because the issue was not addressed or decided by the court in the first instance. See, e.g., Est. of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 301-02 (App. Div. 2018) (explaining that although an appellate court conducts a de novo review of a summary judgment order, its "function . . . is to review the decision of the trial court, not to decide the motion tabula rasa"). We simply note, however, plaintiff's Law Division action was pending at the time the landlord-tenant action was decided.

Further, the court erred in granting defendants' motion for summary judgment with respect to counts four through six and eight through twelve because it concluded plaintiff did not properly support his opposition to summary judgment in accordance with Rule 4:46-2(b). This decision was in error because, as noted, defendants never met their initial burden under Rule 4:46-2(a). Additionally, the court did not address the fact there was over two months of discovery remaining as of the date defendants filed their summary

18                                                          A-3320-22

judgment application, and defendants had failed to respond to any of plaintiff's propounded discovery demands.

With respect to count seven, it appears plaintiff alleged the tort of malicious use of process. The civil counterpart to malicious prosecution, malicious use of process requires the plaintiff to prove: (1) a civil action was instituted by the defendant against the plaintiff; (2) "the action was motivated by malice"; (3) there was no probable cause to bring the action; (4) "the action was terminated favorably to the plaintiff"; and (5) "the plaintiff has suffered a special grievance caused by the institution of the underlying civil claim." LoBiondo v. Schwartz, 199 N.J. 62, 90 (2009).

Although it is undisputed defendants initiated the landlord-tenant action, plaintiff failed to establish the existence of any genuine and material factual question as to whether that action was terminated favorably to him. Plaintiff and defendants entered several settlement agreements in which both parties made certain concessions, but ultimately the court granted defendants a judgment of possession and issued a warrant of removal. Accordingly, any argument that the termination of the landlord-tenant action was on terms favorable to plaintiff lacks merit. Similarly, nothing in the motion record demonstrates that defendants' actions were motivated by malice or any of the

remaining elements of this cause of action. Further, we note in addition to the materials submitted in support of defendants' summary judgment application, the court was well aware of the landlord-tenant action and was free to consider filings in that matter as they were a matter of public record. See R. 1:38-1; cf. Banco Popular N. Am v. Gandi, 184 N.J. 161, 183 (2005) (quoting Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004)) (explaining in determining a motion to dismiss, courts may consider "matters of public record").

In light of our decision, on remand, the court should address, in the first instance, plaintiff's application to extend discovery. Nothing in our opinion shall prevent defendants from renewing their summary judgment motion, nor plaintiff from filing any necessary applications.

We also note, with respect to counts eleven and twelve, the court did not make factual findings or conclusions of law. See R. 1:7-4(a) (requiring court "find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right . . ."). To the extent on remand any party moves for summary judgment, any such application should comply with Rule 4:46-2, and the court shall make appropriate findings of fact and conclusions of law on all issues.

20

Affirmed in part, reversed and vacated in part, and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3320-22